## TEXAS TRUNK RAILWAY COMPANY v. J. R. JOHNSON.

### No. 89.

**1. General Condition of Railway Track.**

Where relevant, evidence to the general unsafe condition of a railway track may be shown in an action against the railway company for injuries received by plaintiff when a passenger ........................ 423

**2. Sureties on Appeal and Error Bonds.**

Where on appeal or error the court exacts that a part of the judgment appealed from be remitted, and affirms as to the remainder, judgment is properly rendered upon the appeal bond (against sureties as well) for the amount affirmed, although less than that appealed from, and which formed the basis of the amount of the appeal bond............. 424

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Kaufman County.

Justice RAINEY did not sit in this case.

*F. M. Etheridge,* for plaintiff in error.—1. When testimony with reference to the general bad condition of the railway at places other than those where the wreck complained of occurred, and at times long prior thereto, as bearing upon the question of exemplary damages, the court should instruct the jury the purpose for which such evidence was admitted, and that they would not find exemplary damages on account of the general bad condition of the road, unless such general bad condition contributed to the wreck and to injuries.

2. Plaintiff in error having, by reason of its appeal from the judgment rendered against it in the District Court of Kaufman County to the Court of Civil Appeals, relieved itself of an illegal judgment for $500 exemplary damages, prosecuted its appeal with effect, and therefore there has

been no breach of its supersedeas appeal bond authorizing the court to enter judgment against its sureties thereupon.   Robinson v. Brinson, 20 Texas, 438; Railway v. Stanley, 76 Texas, 419; 2 Willson's C. C., sec. 26; Kerr v. Clegg, 1 W. & W. C. C., sec. 791; Mills v. Hackett, 1 W. & W. C. C., sec. 846; Sullivan v. McFarland, 1 W. & W. C. C., sec. 1199.

*J. D. Cunningham* and *J. S. Woods*, for defendant in error.—The appellant being charged with gross negligence in this case, and sued for actual and exemplary damages, the testimony of Jackson Dowdy and appellee was legitimate to show the general dangerous condition of appellant's railway and its want of care and indifference towards the lives of its passengers.   Railway v. De Milley, 60 Texas, 197; Railway v. Horst, 93 U. S., 291; Railway v. Ashcroft, 48 Ala., 15; Faucett v. Nichols, 64 N. Y., 384; Railway v. Richardson, 91 U. S., 454; Buckley v. Leonard, 4 Denio, 501; Keenan v. Hayden, 39 Wis., 260.

BROWN, ASSOCIATE JUSTICE.—Johnson sued the railroad company for damages alleged to have been occasioned by injuries received by him while a passenger on its railroad.   It is charged that the defendant permitted its roadbed to become wholly unsafe for travel over it, alleging the particulars in which it was so unsafe, and which was known to the defendant.   Petitioner claimed both actual and exemplary damages.

Upon a trial in the District Court of Kaufman County, the plaintiff below recovered against the defendant railroad company a verdict and judgment for $1000 actual and $500 exemplary damages.   Defendant appealed from the judgment to this court, and the case was tranferred to the Court of Civil Appeals, which held that the evidence of the general bad condition of the railroad was improperly admitted, and required the appellee Johnson to remit the $500 exemplary damages, otherwise the judgment of the District Court would be reversed.   The remittitur was entered, and the judgment as to actual damages was by the Court of Civil Appeals affirmed against the railroad company and its sureties upon its appeal bond.

Two objections are presented to the judgment of the Court of Civil Appeals, in substance as follows:

First.  That the evidence as to the general bad condition of the defendant's railroad was inadmissible, and the court should have reversed the entire judgment, because it can not be determined that the evidence did not influence the jury as to the amount of actual damages assessed by them.

Second.  That the Court of Civil Appeals having affirmed as to actual damages an amount less than the judgment appealed from, should not have entered judgment against the sureties of the railroad company upon its appeal bond.

The Court of Civil Appeals in deciding this case said: "The court admitted evidence of the general bad condition of defendant's line of railway, over objection properly made. This was error. The evidence should have been confined to the place of the wreck." The judge delivering the opinion cites Railway v. Mitchell, 75 Texas, 81; Railway v. Johnson, 72 Texas, 99; Railway v. Shuford, 72 Texas, 165, as supporting the doctrine announced.

In Railway v. Mitchell, Judge Henry, delivering the opinion of the court, said: "The evidence with regard to the general condition of the International & Great Northern Railroad, on which the wreck occurred, between Troupe and Lindale ought not, under the circumstances of this case, to have been admitted upon the issue of exemplary damages, or for any other purpose." What the circumstances of the case were which made the evidence inadmissible does not appear in the report of the case. But the form of expressing the proposition limits the objection to that case, and implies strongly that under other circumstances the evidence would be admissible.

In Railway v. Johnson, 72 Texas, 99, the evidence of the general bad condition of the railroad was admitted. The judgment was reversed on account of an improper charge given to the jury on the subject of exemplary damages; but no word or sentence in the opinion will justify the conclusion that the admission of evidence of the general bad condition of the railroad was condemned. On the contrary, the language used by Justice Gaines would seem to approve of the admission of testimony of the general reputation of bad condition of the road in cases where that reputation would come to the knowledge of the officers of the railroad.

In Railway v. Shuford the facts are not stated fully enough to say what was in evidence, but the opinion shows that testimony of the general bad condition of the railway was admitted. The court instructed the jury, that "the evidence offered by plaintiff as to the general bad condition of the road can not be considered in determining actual damages, but will apply, if at all, to the question of exemplary damages." The judgment of the District Court was affirmed, and the admitting of the evidence of general bad condition is not condemned, but impliedly approved.

In the case of Railway v. De Milley, 60 Texas, 194, the question under discussion was involved, and the court there held: "The general dangerous condition of a railway is a fact to which a jury may look for the purpose not only of ascertaining the degree of care used by the owner, but also for the purpose of showing the indifference of the owner to the safety of those it undertakes to transport." In that case testimony of the same character was introduced, and while no exemplary damages were allowed by the jury, the court approved the admission of the testimony on that issue.

The case of Railway v. De Milley was expressly approved in the case of Railway v. Kirk, 62 Texas, 227, and in Railway v. Taylor, 79 Texas, 111.

Looking to the evidence, we conclude that it was not only admissible, but was ample to justify the verdict. The Court of Civil Appeals erred in holding that evidence as to the bad condition of defendant's railroad was not admissible, and in requiring the appellee to remit the exemplary damages recovered by him.

It is claimed that as the Court of Civil Appeals rendered judgment for a less amount than the judgment of the District Court, no judgment should have been entered upon the bond of the appellant, the plaintiff in error. Section 37 of the act " to organize the Courts of Civil Appeals," etc., is in the following language:

" Section 37. Whenever the Court of Civil Appeals, on the trial of cases brought from an inferior court, shall affirm the judgment or decree of such inferior court, or when said court shall proceed to render such judgment or decree as should have been rendered by the court below, and said judgment shall be for the same or a greater amount or of the same nature as rendered in the court below, said court shall render judgment against the appellant or plaintiff in error and his sureties on the appeal bond, a copy of which shall always accompany the transcript of the record."

The remainder of the section is not material to this question. This section of the statute is literally the same as article 1049, Revised Statutes, which was in force when the bond was executed.

A proper construction of the foregoing section of the statute is, that when, on account of error in the proceedings appealed from, the Court of Civil Appeals does not affirm the judgment rendered below, but renders judgment against appellant for a sum less than that for which the trial court gave judgment, then the Court of Civil Appeals should not render judgment against the sureties of the appellant or plaintiff in error. The question presented to this court is a different one, and its determination must rest upon the correctness of the action of the Court of Civil Appeals in reducing the judgment of the District Court. If defendant in error had voluntarily entered the remittitur, it might be taken as a confession of error; but in this case the sum was remitted under the requirement of the court, and can not be regarded as a voluntary act.

The Court of Civil Appeals having erroneously held that the judgment for exemplary damages could not be sustained, and by that erroneous ruling reduced the judgment below the amount of the judgment of the District Court, the statute does not require of this court to set aside the judgment entered which was correct, because of an error committed in favor of plaintiff in error.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*

Delivered February 22, 1894.