## UNDERWOOD v. ROBISON, Land Office Com'r, et al. (No. 4233.)

(Supreme Court of Texas. June 28, 1918.)

MINES AND MINERALS ☞25 — MINERAL PERMIT—FORFEITURES.

Acts 33d Leg. c. 173, providing that failure of the owner of mineral rights in school lands to comply with certain requirements shall work a revocation of his permit and the termination of the rights of the owner, and such termination shall be indorsed by the Commissioner of the General Land Office upon a duplicate of the permit retained in the General Land Office, does not ipso facto work a forfeiture of mineral rights, and other applicants cannot file until the commissioner has indorsed a termination upon a duplicate of the permit retained in his office.

Motion by John C. Underwood for leave to file petition for mandamus against J. T. Robison, Commissioner of the Land Office. Motion overruled.

Rowe & Kay, of Houston, and N. A. Rector, of Austin, for relator.

HAWKINS, J. The motion is for leave to file a petition for the writ of mandamus. Leave is refused because, in our opinion, the petition is without merit, in that it presents a question of law which plainly is controlled by previous decisions of this court.

The question raised is this: Does the Act of 1913, c. 173, p. 409 et seq., relating to tne prospecting of school lands and the development of minerals thereon, provide for ipso facto forfeitures of mineral rights acquired under said statute, because of failure to comply with its requirements, or does the extinguishment of such rights, for such causes, await the action of the Commissioner of the General Land Office in making, upon the duplicate copy of the permit retained in the General Land Office, an indorsement of such forfeiture?

We hold, to the latter view. Said act of 1913 does, indeed, declare that failure of the owner of the permit to comply with certain requirements "shall work a revocation of said permit and the termination of the rights of the owner"; but that declaration is followed, immediately, by the provision:

"Such determination shall be indorsed by the Commissioner of the General Land Office, upon a duplicate of the permit retained in the General Land Office."

The policy of our laws, as expressed in various earlier statutes relating to public lands, and as worked out and declared in several decisions of this court construing them, has been against ipso facto forfeitures and in harmony with the theory that affirmative action by the commissioner in expressly declaring a forfeiture, upon statutory grounds, and in duly making a statutory record thereof, must precede filings by other applicants. The legislative purpose seems to have been to require an official ascertainment and record of such forfeiture rather than to leave open, indefinitely, the issue of forfeiture vel non, thereby perhaps placing upon holders of subsequently accruing rights the burden of proof. Adams v. Terrell, Com'r, 101 Tex. 331, 107 S. W. 537; Erp v. Robison, Com'r, 106 Tex. 143, 155 S. W. 180, 157 S. W. 1160.

It is to be presumed that in the enactment of said mineral rights statute of 1913 the Legislature intended that said decisions and said settled public policy should be read into it, and that it should not be construed as contemplating ipso facto forfeitures.

The motion is overruled.

## HOME INV. CO. et al. v. STRANGE. (No. 2516.)

(Supreme Court of Texas. June 28, 1918.)

APPEAL AND ERROR ☞1151(2)—DISPOSITION OF CAUSE ON APPEAL—RENDITION OF JUDGMENT.

On appeal in trespass to try title, where it appeared judgment for plaintiff should not have been had without return of certain sums expended by defendant, the judgment will be modified on motion by plaintiff by crediting defendant with the amounts expended, where the evidence is undisputed as to the amount, although the jury made no finding thereon.

On motions for rehearing and to reform and affirm. Motion for rehearing denied and motion to reform and affirm granted.

For former opinion, see 195 S. W. 849.

HAWKINS, J. Upon consideration of the motion of plaintiffs in error for a rehearing we adhere to the conclusions announced in our former opinion. Accordingly, said motion will be overruled.

Our former order remanding this cause was based upon the fact that the amounts of purchase money paid out by Moroney or under his directions had not been ascertained by the jury. The motion of defendant in error for a rehearing, and to reform and affirm, avers that all such amounts, and dates of payment thereof, are disclosed by the undisputed evidence of Moroney himself, and makes a tabulation of the various items, giving the largest amounts claimed by Moroney, listing several items of court costs and taxes with the admission that, possibly, they also may constitute purchase money, and requests that judgment in favor of Moroney and the Home Investment Company therefor, with interest at 6 per cent. per annum down to the date of the judgment in the trial court, be now here entered. To that request we accede. Land Co. v. McClelland, 86 Tex. 188, 23 S. W. 576, 1100, 22 L. R. A. 105; Wilkin v. Owens, 102 Tex. 197, 114 S. W. 104, 115 S. W. 1174, 117 S. W. 425, 132 Am. St. Rep. 867. The aggregate of said items, principal and interest, is $1,576.27 as calculated by counsel for Strange, but really is $1,672.11. Said motion will be granted, and the judgments of the Court of Civil Appeals and the

district court, respectively, will be so reformed as to allow, as of date of the judgment of the district court—July 1, 1911—upon the judgment in favor of Strange for $6,600 besides interest, a credit of $1,672.11; and, as so reformed, said judgments will be affirmed.