HOME INV. CO. et al. v. STRANGE.
(No. 2516.)

(Supreme Court of Texas. Dec. 21, 1918.)

1. APPEAL AND ERROR &⫸1232—LIABILITY OF SURETY ON APPEAL BOND — IDENTITY OF JUDGMENTS.

Where a judgment, as rendered by the Supreme Court in plaintiff's favor, is for a materially less amount than the judgment decreed in the trial court, it is improper to render any judgment against the surety on the appeal bond.

2. TRUSTS &⫸289—RIGHT TO ACCOUNTING.

Where property in defendant's name is impressed with a trust in plaintiff's favor, plaintiff's right to an accounting of the property when sold cannot be defeated by a mere prior offer on defendant's part to convey the property to plaintiff and another.

On motion to reform judgment. Judgment (204 S. W. 314) reformed, which reformed judgment in 195 S. W. 849, which reversed judgment in (Civ. App.) 152 S. W. 510.

Leake & Henry, N. L. Lindsley, and W. J. Moroney, all of Dallas, for plaintiffs in error.
L. C. McBride, of Dallas, for defendant in error.

PHILLIPS, C. J. [1] Our action on the motion for rehearing in so for as it authorized the rendition of judgment against the surety on the supersedeas bond was erroneous. The judgment as rendered by us in Strange's favor against the defendants W. J. Moroney and Home Investment Company in our action on the motion was for a materially less amount than the judgment decreed against them in the trial court. With this true it was improper to render any judgment against the surety on the bond. Connor v. City of Paris, 87 Tex. 32, 27 S. W. 88. The judgment as reformed and rendered, on the motion for rehearing will accordingly be revised so as to omit the judgment against the surety on the bond, and in other respects will stand unaltered.

Under the motion to reform the judgment complaint is made by the defendant W. J. Moroney of the court's failure to hold that the following special issue requested by him upon the trial, should have been submitted:

"Did W. J. Moroney at any time before the institution of this suit offer to convey to Strange and Huffman the interest or claims that had been conveyed to the Home Investment Company upon the repayment of all disbursements that had been made?"

We have heretofore ruled upon the motion for rehearing filed in behalf of the Home Investment Company and defendant W. J. Moroney. That disposed of this ground of complaint. The motion filed by the surety upon the supersedeas bond for a reformation of the judgment does not afford to the defendant Moroney the privilege of filing a second motion for rehearing, even if the filing of such a motion were otherwise permissible. However this may be, it is perhaps proper that we state our views upon this requested special issue.

[2] There was testimony by the defendant Moroney substantially to the effect indicated by the special issue. In justice to him this should be said. The special issue, however, presented a wholly immaterial question—one which was in nowise determinative of Strange's right to recover. If the property to which title was taken in the name of the Home Investment Company was impressed with a trust in Strange's favor, as the jury found it was, Strange's right to recover the title and to have the Investment Company and Moroney account for so much of the property as had been sold, could not be defeated by a mere prior offer on Moroney's part to convey the property, not to Strange, but to Strange and another. Furthermore, a conveyance by Moroney with the title in the Home Investment Company, would have been ineffectual. If it was meant that Moroney would have the company make the conveyance, the issue was not so framed. Nor was Strange's right dependent upon his payment of *all* disbursements that had been made by Moroney. We expressly held on the original hearing that since under the finding of the

jury the title to the property was wrongfully put in the name of the Investment Company, it was not incumbent upon Strange to account to Moroney for any expenses he had incurred in that connection, but only for such amounts as constituted the purchase money for the title. There can be no question as to the correctness of that holding, and we adhere to it.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes