WICHITA FALLS, RANGER & FT. WORTH RAILWAY COMPANY
V. LESLIE COMBS.

No. 4026.   Motion No. 6803.   Decided April 14, 1926.

(283 S. W., 135.)

**1.—Appeal—Cost Bond—Obligation of Sureties.**

On appeal by cost bond, without supersedeas, the obligation of the sureties is for costs of appeal only and there is no law authorizing judgment to be rendered against them for the amount of the judgment rendered against appellant.   (Pp. 411-416.)

**2.—Same—Statute—Act of 37th Leg., Ch. 23.**

The laws of the State have consistently preserved a distinction

between the liability of sureties on a cost bond for appeal (for costs only) and that of those on a supersedeas bond (for the amount of the judgment.)    The Act of February, 1921 (Laws, 37th Leg., Ch. 23, pp. 54, 55) in enacting that judgment on appeal should be rendered against plaintiff in error and his sureties "for the performance of the judgment or decree as rendered," was not intended to abolish this distinction.    It was to meet the confusion in the decisions and defect in the statute as to the liability of sureties on supersedeas bonds where the appeal, by reducing the amount of recovery, was prosecuted with effect within the terms of the bond, and to make such sureties liable for the reduced judgment (McCoy v. Jones, 9 Texas, 366; Robinson v. Brinson, 20 Texas 439; Southern Pac. Ry. Co. v. Stanley, 76 Texas, 419; Trent v. Rhomberg, 66 Texas, 253, 254; Blair v. Sanborn, 82 Texas, 689; Texas Trunk Ry. Co. v. Johnson, 86 Texas, 424; Home Inv. Co. v. Strange, 109 Texas, 351.) (Pp. 411-416.)

### 3.—Revised Statutes, 1925.

Attention is called to the effect of Article 1857, Revised Statutes, 1895, upon the statute of 1921 (Laws, 37th Leg., Ch. 23) without expressing opinion thereon,—the appeal here being under the Act of 1921.    (Pp. 415, 416.)

### 4.—Cost Bond—Sureties—Correction of Judgment.

Judgment herein being inadvertently rendered against sureties for costs only on an appeal bond, making them liable for the amount of the reduced judgment ($25,000) rendered against plaintiff in error, it is within the power of the Supreme Court to correct such error on motion and at a subsequent term, and it is so done.    (Pp 416.)

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Eastland County.

Combs sued the Wichita Falls, R. & Ft. W. Ry. Co. and recovered a judgment for $40,000.    On defendant's appeal on cost bond for $1,000 without supersedeas, the Court of Civil Appeals required a remittitur of $15,000, and this being made rendered a judgment for $25,000 against appellant and the sureties on his cost bond.    250 S. W., 714.    Writ of error being granted on application of the railway company only, the case was referred to the Commission of Appeals, Section A, for its opinion, in accordance with which the judgment of the Court of Civil Appeals was affirmed.    268 S. W., 447.    The judgment entered in the Supreme Court followed that of the Court of Civil Appeals in rendering judgment against the sureties for the amount of the affirmed judgment, as to which, in regard to the sureties, no complaint had been made in the writ of error proceedings.

The opinion here published was rendered on a motion by the sureties, American Surety Co. of New York, and Fred H. Wallace, to correct the judgment so rendered against them.

*George E. Shelley,* for American Surety Co. of N. Y., and *Thompson, Barwise & Wharton,* for Fred L. Wallace.

The power of this court to render judgment against sureties

on an appeal bond is limited by the terms of the statute and by the character of the bond.

Sureties are parties to a cause only by virtue of the bond they execute. They appear in the cause only by virtue of the bond, and the power to render judgment against them is limited by the terms and character of the bond.

The power of an Appellate Court to render any kind of judgment against the sureties on an appeal bond exists only by statute. Blair v. Sanborn, 82 Texas, 686-688; Burck v. Burroughs, 64 Texas, 447. In the absence of statutory authority to enforce the obligations of the bond, the prevailing party must file an original action. Burck v. Burroughs, supra.

The statute being the source of the court's power, no judgment can be rendered except that authorized by the statute and the terms of the bond. If the sureties have not given bond, conditioned that they will pay the amount adjudged against the appellant, then the appellate court has no power to render judgment against them for that amount. In this case the only bond executed was conditioned for the payment of costs. This bond appearing in the transcript conferred power on the appellate court to render judgment against the sureties for costs, but it did not confer power to render judgment against them for the amount of the judgment rendered against the appellant. Sureties, by signing an appeal bond, consent that summary judgment may be rendered against them according to the terms of the bond. Blair v. Sanborn, 82 Texas, 686; Cruger v. McCracken, 87 Texas, 584.

If it is the act of the party in signing the bond which confers jurisdiction, then obviously the character of his act—the terms of the bond—must be considered, in determining the extent of the court's jurisdiction. A cost bond cannot be converted into a supersedeas bond; a replevy bond cannot be converted into an appeal bond. The consent of the sureties is that judgment may be summarily rendered *as authorized by the bond* and, therefore, the nature of the bond must be considered in determining the *extent* of the jurisdiction. If the bond confers the jurisdiction, then obviously the character of the bond limits the jurisdiction.

All summary action authorized by statute must be strictly pursued. Buerger v. Wells, 110 Texas, 566; H. T. & B. Ry. Co. v. Randolph, 24 Texas, 327; Sherry v. Priest, 57 Ala., 410; 9 Corpus Juris, 128; Grand Lodge v. Cleghorn, 48 S. W., 750, 20 Texas Civ. App., 134.

A void judgment may be vacated at any time by the court

that rendered it.   15 Standard Enc. of Procedure, 192; Munson v. Newson, 9 Texas, 109; Burr v. Lewis, 6 Texas, 76; Dazey v. Pennington, 10 Texas Civ. App., 326;   31 S. W., 312; Irvin v. Ferguson, 83 Texas, 491.

Where the error in a judgment is clerical in nature, the judgment may be corrected after the expiration of the term at which it is rendered.   Coleman v. Zapp, 105 Texas, 491; Freeman on Judgments, 5th Ed., Secs. 146, 147; De Hymel v. Mortg. Co., 80 Texas, 493; Trammell v. Trammell, 25 Texas Supp., 261; Bank of Ky. v. Wistar, 3 Peters, 431;   Doane v. Glenn, 1 Colo., 454, 457;   Homer v. Homer, 37 Ill. App., 199;   Forbes v. Havra, 63 Miss. 1; Saunders v. Scott, 111 S. W., 874; State v. Taylor, 175 S. W., 130; Grand Lodge v. Silver, 10 A. L. R., 523, note.

The failure of the sureties to apply to the Court of Civil Appeals for rehearing and to this court for writ of error does not preclude relief.   The power of the court over them, created by the execution of the bond, may be compared, by analogy, to that of one who acts under a warrant to confess judgment for another.   Cruger v. McCracken, supra.   These sureties, therefore, had the right to assume that the court, in rendering summary judgment against them, would stay within the limits created and authorized by the bond.   They were charged with constructive notice of any judgment that might be properly rendered on the bond; but they are not charged with notice of a judgment that under no state of facts could be rendered on the bond.

*Randell & Randell,* for defendant in error.

It is. admitted that the *Statute* (Laws, 37th Leg., Ch. 23) in reference to the obligation of the bond is the governing power, and, if not expressed in words in the bond, it must be read into the bond.   These additions when read into the bond make the surety liable under the statute for any judgment or decree rendered in the case against appellant or plaintiff in error for the full amount of the judgment and decree, and, in addition thereto, such costs as might be adjudged against them by the court.

We agree that "sureties by signing an appeal bond consent that summary judgment may be rendered against them according to the terms of the bond."   Which also means according to the terms of the statute covering the liability of sureties on the bond, which statute is always supposed to be "read into the bond."

Is not the statute plain and unequivocal?   If so, there can be but one answer, and that is, that the judgment was correctly

rendered. If the provisions of the statute are not clear, then the rendition of the judgment in the Court of Civil Appeals required a construction of the statute, and that construction—as well as the rendition of the judgment itself—is a judicial act which would bind all parties that were before that court in this case, subject to their taking such steps under the established forms and rules of law as might lead to a correction of error. No complaint was made by the parties liable under that judgment.

The defendant in error respectfully calls to the attention of the court the memorandum by this court in refusing a writ of error in Denton Milling Co. v. S. A. Blewett, October 24, 1923, 278 S. W., 1114, as follows: "Writ of error refused. The sureties on the supersedeas bond are not complaining of the action of the Court of Civil Appeals in entering judgment against them." The above indicates what is clearly the correct rule that a surety against whom judgment is rendered by the Court of Civil Appeals can have no relief in the Supreme Court except upon a proper complaint for a rehearing in the Court of Civil Appeals, and application for writ of error to the Supreme Court.

We submit that the following propositions are clearly correct: (1) The judgment of the Court of Civil Appeals was a final judgment. (2) It was not void. It was correct under the statute. (3) If incorrect, the only way to change it would be under the regular rules of court. (4) It is not voidable. (5) If it is voidable, this court has no right to correct it. (6) The judgment of the Court of Civil Appeals was a judicial act; and what their judgment was is apparent from the record. (7) The Supreme Court has no jurisdiction in this proceeding to correct a judgment of the Court of Civil Appeals which was void or voidable. (8) The judgment of the Supreme Court affirmed the *judgment of the Court of Civil Appeals.* (9) It was a judicial act. (10) There is no possibility for any clerical error; under the judgment in this court the clerk could not have properly made any other entry on the record than that which was made. (11) The case has passed out of this court, as much so as any case appealed from a trial court that has reached the Supreme Court and has been affirmed and mandate issued after adjournment. (12) This court did not *render* the judgment made by the Court of Civil Appeals, but *affirmed* the judgment of the Court of Civil Appeals, and notice to that effect was sent to the district or trial court by the mandate. (13) This court has no jurisdiction to amend its judgment. (14) There is nothing clerical to correct.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The District Court of Eastland County rendered judgment for $40,000 in favor of defendant in error against plaintiff in error. Plaintiff in error perfected an appeal by giving notice and filing an appeal bond which, after reciting the judgment, provided: "Now, therefore, we, the Wichita Falls, Ranger & Fort Worth Railway Company, a corporation, as principal, and American Surety Company of New York and F. L. Wallace, as sureties, acknowledge ourselves bound to pay to the plaintiff, Leslie Combs, and the Clerk of the District Court of Eastland County, Texas, jointly and severally, the sum of One Thousand Dollars ($1,000), conditioned, that the said Wichita Falls, Ranger & Fort Worth Railway Company, appellant, shall prosecute its appeal with effect, and shall pay all the costs which have accrued in the court below and which may accrue in the Court of Civil Appeals and the Supreme Court and any other court." This bond was signed by the principal and sureties and was approved by the district clerk, who fixed the probable amount of the costs in all courts at $250.00. The Court of Civil Appeals at El Paso ordered the judgment of the District Court reversed unless defendant in error should enter a remittitur of $15,000. The remittitur was entered; and, on April 5, 1923, the Court of Civil Appeals affirmed the judgment of the court below as reduced to $25,000, with interest from December 8, 1921, at the rate of six per cent per annum. 250 S. W., 714. The judgment entered on its minutes by the Honorable Court of Civil Appeals decreed that defendant in error recover of plaintiff in error, as principal and of the American Surety Company of New York and Fred Wallace, as sureties the aforesaid sum of $25,000, and interest, and all costs in the District Court and in the Court of Civil Appeals.

Plaintiff in error alone applied to the Supreme Court for a writ of error, making no complaint of the form of the judgment which had been entered in the Court of Civil Appeals. The writ of error was granted, and the case was referred to Section A of the Commission of Appeals. The Commission recommended that the judgment of the Court of Civil Appeals be affirmed. On that recommendation the Supreme Court, on January 28, 1925, ordered that the judgment of the Court of Civil Appeals be affirmed. 268 S. W., 447. In entering the judgment of the Supreme Court on the minutes, the clerk followed the judgment shown in the transcript from the Court of Civil Appeals, as is often done when no change is made in the judgment of the Court of Civil Appeals. The result was that the

judgment of the Supreme Court as rendered awarded defendant in error a recovery of $25,000, and interest, and costs from the sureties on the cost appeal bond in the penal sum of only $1,000. The sureties on the appeal bond have filed a motion to have adjudged a nullity, and to vacate, the inadvertent entry on this court's minutes of this recovery by defendant in error against them.

The motion is resisted by defendant in error on the ground that the judgments of the Court of Civil Appeals and of the Supreme Court were correct—or at most only erroneous but not void—under Chapter 23 of the Acts of the 37th Legislature, pages 54 and 55.

By this Act, passed in 1921, it is provided that in ordering an affirmance, or in rendering such decree or judgment as should have been rendered by the court below, the Court of Civil Appeals shall at the same time render judgment against the appellant or plaintiff in error and the sureties on his appeal bond, a copy of which shall accompany the record, making such disposition of costs as the court may order, and at discretion, awarding certain damages not to exceed ten per cent of the amount of the original judgment. The Act also provides that the Supreme Court, in ordering an affirmance, or in rendering such decree or judgment as should have been rendered by the Court of Civil Appeals, shall at the same time render judgment against the plaintiff in error and the sureties on his appeal or supersedeas bond for the performance of its judgment or decree, making such disposition of costs as the court may order.

We are unable to assent to the proposition that it was intended by this Act to make sureties on appeal bonds in double the amount of estimated costs liable to have judgments entered against them, by the Court of Civil Appeals or by the Supreme Court, for anything other than costs. To interpret .the Act as contended for by defendant in error is to entirely bar the right to have judgments of trial courts reviewed by appeal or writ of error, unless the losing party is able to find qualified sureties willing to become responsible not only for costs but for performance of the appellate court's judgment, or unless he is unable to pay or secure the costs. The result of such an interpretation of the statutes is obviously to defeat the State's cherished policy from her earliest history. Therefore, such interpretation is wholly inadmissible unless the language of the legislative act admits of no other reasonable construction.

One of the Acts of the First Legislature of Texas provided for an appeal under bond "in double the amount of the debt or

damages or the value of the slaves or other personal property adjudged, conditioned for the prosecution of the appeal with effect and performing the judgment, sentence, or decree of the supreme court, in case the decision of said court shall be against the appellant." The same Act made provision for an appeal by a party unable to give a supersedeas bond, or where the judgment was for land, by giving security for no more than the costs and damages of the appeal. Sections 136 and 138, Act of May 13, 1846, 2 Gammel's Laws of Texas, page 1705; Articles 549, 551, Oldham & White's Digest of Laws of Texas. It was determined in Doss v. Griswold, 1 Texas, 101, and Janes v. Langham, 29 Texas, 417, that the full extent of the obligation of the sureties on the appeal bond other than a supersedeas, under the Act of 1846, was for costs and ten per cent damages for delay; while the supersedeas appeal bond was designed to bind the sureties for the performance of all that was required of the appellant by the Supreme Court's judgment.

In 1858 a law was passed authorizing the removal of any cause from the District Court to the Supreme Court, by writ of error, on plaintiff in error giving bond with sufficient security "for all the cost which may accrue in the Supreme Court and which may have accrued in the District Court." Article 557, Oldham & White's Digest of Laws of Texas.

Other requirements, not relevant to the present inquiry, being complied with, the Revised Statutes of 1879 authorized an appeal or writ of error to be perfected in either of three modes. One was by filing a bond with good and sufficient sureties, in a sum at least double the probable amount of the costs of the suit in both the appellate court and the court below, as fixed by the clerk, conditioned that the appellant or plaintiff in error "shall prosecute his appeal or writ of error with effect, and shall pay all the costs which may accrue in the appellate court." Revised Statutes of 1879, Art. 1400. A party unable to pay or secure costs was authorized to prosecute an appeal without bond, on making proof of his inability. Revised Statutes of 1879, Art. 1401. An appeal or writ of error perfected by means of cost bond or affidavit did not suspend enforcement of the judgment to be reviewed. Revised Statutes of 1879, Art. 1403. The third mode of perfecting the appeal or writ of error was to file a supersedeas bond, with sureties, in a sum at least double the amount of the judgment, interest and costs, conditioned that the appellant or plaintiff in error "shall prosecute his appeal or writ of error with effect, and in case the judgment of the appellate court shall be against him, that he shall perform

its judgment, sentence, or decree and pay all such damages as said court may award against him." The supersedeas bond stayed the execution of the judgment until the appeal or writ of error was determined. Revised Statutes of 1879, Art. 1404, 1406. The Act of 1892 conformed these articles of the 1879 Revised Statutes to the 1891 amended judiciary article of the Constitution, by substituting "court of civil appeals and supreme court" for the term "appellate court." Articles 2097, 2098, 2100, 2101, 2103, Complete Texas Statutes. Unless the judgment of the inferior court was set aside or reduced, the Act of 1892 directed the Court of Civil Appeals or the Supreme Court to render judgment against the appellant or plaintiff in error and the sureties on his appeal or writ of error bond; and, the Court of Civil Appeals was empowered, at discretion, to add damages for delay not to exceed ten per cent of the amount of the original judgment. Articles 1627, 1551, Complete Texas Statutes.

Prior to the Act of 1921, it is plain that a cost bond on appeal or writ of error made the sureties liable for nothing more than payment of costs in the event the appeal or writ of error was not prosecuted with effect. And the appeal or writ of error was prosecuted with effect when it was prosecuted successfully by securing the vacation or substantial reduction of the original judgment. Referring to an appeal bond containing substantially the same conditions are are contained in the bond in this record, Chief Justice Stayton said that the obligation of the sureties was in the alternative to prosecute the appeal with effect *or* to pay costs, adding:

"We think that an appeal can be said to have been 'prosecuted with effect' only when it results successfully as to part, at least, of the judgment appealed from" * * *

"It certainly never was intended that a person appealing from a judgment against him or the sureties on his appeal bond should be liable for costs when on appeal it was adjudged that the judgment appealed from was erroneous, for it is not the policy of the State thus in effect to place a penalty on the proper assertion of a right." Blair v. Sanborn, 82 Texas, 689.

That an appeal is successful when the judgment under review is substantially reversed was declared by the United States Supreme Court in Gay v. Parpart, 101 U. S., 391, 25 L. Ed., 841, quoted with approval in Crane v. Buckley, 203 U. S., 447, 51 L. Ed., 263.

Citing Judge Stayton's opinion in Blair v. Sanborn, supra,

and others, the Austin Court of Civil Appeals in an opinion by Justice Key said of a cost appeal bond:

"While the statute and the bond here involved use the word 'and' in stating the obligations of the instrument, those obligations are in the alternative, requiring that the appeal should be prosecuted with effect, or the costs should be paid, as specified in the bond." American Surety Co. v. Koen, 107 S. W., 939.

The Court had long before announced through Judge Wheeler, in McCoy's Heirs v. Jones, 9 Texas, 366:

"The undertaking of the sureties upon an appeal or writ of error bond, is for the prosecution of the appeal or writ of error with effect. If this be done and the judgment reversed, the sureties have performed their undertaking and are discharged. The said bond is functus officio. It is the affirmance of judgment, which fixes the liability of the sureties; and it is only in that case, that the sureties are bound for the performance of their principal."

The Supreme Court of Pennsylvania expressed the same thought in holding:

"The condition of the recognizance is that the appellant 'shall prosecute his appeal with effect, and pay all costs that may be adjudged against him.' The appellees' contention is that two distinct things must be done to comply with the condition; the appeal must be prosecuted with effect, and, in addition to this, the costs, if any, adjudged against the appellant, must be paid. But it is plain, if he does prosecute his appeal with effect, no costs would ordinarily be adjudged against him; costs would be adjudged against him only if he failed to prosecute the appeal with effect. The condition, therefore, in effect creates an alternate obligation, namely, that the appellant will prosecute his appeal with effect, and, failing to do so, will pay all costs which shall be adjudged against him." Commonwealth v. Wistar, 142 Pa., 385, 386.

By the great weight of authority in Texas, the obligation of the sureties on even a supersedeas bond perfecting an appeal or writ of error was, prior to the 1921 Act, to either prosecute the appeal or writ of error with effect *or* to perform the judgment finally pronounced including any award of damages. In fact, Judge Gaines declared in Southern Pacific Railway Company v. Stanley, 76 Texas, 419, that it had long been settled in Texas that the use of the word "or" for "and" in the condition of such bonds did not change their effect, citing Judge Roberts' opinion so holding in Robinson v. Brinson, 20 Texas, 439. However, the Court, through Justice Robertson, had made a

contrary declaration in Trent v. Rhomberg, 66 Texas, 253, 254, where it was said, construing a supersedeas appeal bond:

"The principal is not allowed to delay the execution of an erroneous judgment, without securing the performance of the proper judgment to be rendered in the court to which he appeals.

"The bond bound the principal to prosecute the appeal with effect as well as to perform the judgment of the supreme court. It is no defense to a suit for breach of one condition that the other has been performed."

Justice Stayton, in Blair v. Sanborn, supra, reviews both Robinson v. Brinson and Trent v. Rhomberg, and approves Judge Roberts' opinion in the former case. The Court later followed the holding in Robinson v. Brinson, as it also followed the express direction of the Act of 1892 to enter judgment against sureties on a supersedeas appeal bond only when the trial court's judgment was affirmed or when judgment was rendered for as much or more than the amount of the trial court's judgment. Texas Trunk Ry. Co. v. Johnson, 86 Texas, 424; Home Investment Co. v. Strange, 109 Texas, 351.

Thus we see there was some confusion as to the extent of the obligation of the sureties on supersedeas bonds when the Legislature passed the Act of 1921. There was not and never had been the slightest confusion as to the State's policy to authorize appeals and writs of error on bonds securing costs only, nor as to the extent of the obligation of the sureties on a mere appeal or writ of error cost bond. It was clear that sureties on such a bond did not become liable for aught save for costs, and that the penalty named in the bond marked the extreme limit of the liability of the sureties. Hendrick v. Cannon, 5 Texas, 252; 4 C. J., 1250, 1290; Zeigler v. Henry, 77 Mich., 483; Graeter v. De Wolf 112 Ind., 2. We think under such conditions the Legislature in adopting the 1921 Act could not have intended to authorize any judgment by the Court of Civil Appeals or by the Supreme Court against sureties on cost appeal bonds for the performance by the sureties of obligations utterly beyond the terms of the bonds signed by them. The complete purpose of the Act must have been to remove the restriction on the power of the appellate courts to require full performance by sureties on supersedeas bonds of the judgment finally pronounced when such judgment exacted less of the principal than the original judgment. We call attention to the fact that Article 1857 of the Revised Statutes of 1925 seems to have retained the limitation on the power of the Court of Civil Appeals to render judgment against the sureties on even a

supersedeas bond for performance of its judgment which existed prior to the Act of 1921. We express no opinion, however, as to the effect of Article 1857 as it appears in the 1925 Revised Statutes, since the statutes were adopted subsequent to the rendition of the last judgment herein.

The Legislature, which had enacted the 1921 Act, subsequently made somewhat unmistakable its intent to continue the State's long established policy to allow litigants to prosecute their appeals or writs of error by bonds securing costs only. For, the Act of March 12, 1921, requiring additional security on supersedeas bonds, under certain conditions, carefully preserved the appellant's or plaintiff in error's right to have his appeal or writ of error determined if his bond, though insufficient as a supersedeas bond, was found sufficient when considered as a cost bond. Chapter 117, Acts 37th Legislature, pages 223, 224.

The power of the Court of Civil Appeals or of the Supreme Court to render summary judgment against these sureties must be found in the statutes, else it did not exist. Blair v. Sanborn, 82 Texas, 688; Cruger v. McCracken, 87 Texas, 584. We conclude there was nothing in the statutes to warrant the summary judgment of the Court of Civil Appeals or of this Court against the sureties on the $1000 cost appeal bond for $25,000, besides interest and costs. While it was entered on our minutes by the inadvertent act of the Clerk, and was no doubt similarly entered on the minutes of the Court of Civil Appeals, the judgment in both courts is absolutely void as against the sureties.

The power and duty of the court to vacate the inadvertent entry of a void judgment, at any time, during or after the term, cannot be doubted. Burr v. Lewis, 6 Texas, 76; Trammell v. Trammell, 25 Texas Supp., 261; Coleman v. Zapp, 105 Texas, 491, 494.

It is ordered that the decree heretofore entered herein be corrected so as to eliminate any judgment whatsoever against the sureties on the cost appeal bond, save for the costs of the Supreme Court, and so as to affirm the judgment of the Court of Civil Appeals only in so far as such judgment is against the plaintiff in error. The costs of this motion are taxed against defendant in error.