The question propounded by the Court of Civil Appeals should be answered "No."

Also on account of the shortness of the time yet to intervene before the county executive committee of Travis county will be required to make up the primary ballot, both parties hereto have waived the right to file motions for rehearing. The above answer should therefore be certified to the Court of Civil Appeals at once.

CURETON, C. J.

The foregoing opinion is adopted and ordered certified at once.

### PRIM v. FARMERS' NAT. BANK OF DUBLIN.

**Motion No. 10212; 1505—5797.**

Commission of Appeals of Texas, Section A.

July 6, 1932.

Chandler & Keith, of Stephenville, and Levy & Evans, McLean, Scott & Sayers, and Glover C. Johnson, all of Fort Worth, for plaintiff in error.

Robert L. Thompson and W. J. Oxford, both of Stephenville, for defendant in error.

### HARVEY, P. J.

In the above cause the defendant in error, the Farmers' National Bank of Dublin, recovered in the trial court a judgment against the plaintiff in error, S. H. Prim, on four promissory notes. One of said notes is for the principal sum of $1,891; a second, for $3,700; a third, for $4,154; and a fourth, for $10,000. In the judgment, certain liens were foreclosed as against S. H. Prim, Mrs. Ella Prim, and Mrs. Grace Lyon. In perfecting their appeal from said judgment, these last-named parties gave a supersedeas bond as prescribed by article 2270 of the statutes. The sureties on said bond are T. A. Lyon, W. P. McLean, Walter B. Scott, and Sam R. Sayers. The Court of Civil Appeals affirmed the judgment of the trial court. 28 S.W.(2d) 941. The writ of error having been granted by the Supreme Court, that court on recommendation from this section of the commission, rendered judgment, on January 6, 1932, whereby the judgment of the trial court, so far as same allowed a recovery on three of the notes sued on, was affirmed, with instructions to the trial court concerning enforcement; and in all other respects the judgment of the trial court and that of the Court of Civil Appeals were reversed and the cause remanded. See Prim v. Farmers' National Bank of Dublin, 44 S.W.(2d) 943.

■ The bank has filed a motion seeking to have the Supreme Court to so amend its said judgment of January 6, 1932, as to provide for the recovery by the bank, from the sureties on said supersedeas bond, the amount of the trial court's judgment, to the extent that the latter judgment was affirmed by the Supreme Court. The motion should be granted, and said judgment should be amended as sought. Article 1767 of the Revised Statutes of 1925 provides as follows:

"Whenever the Supreme Court shall affirm a judgment or decree of a Court of Civil Appeals, it shall render such judgment or decree as should have been rendered by the Court of Civil Appeals, and shall render judgment against the plaintiff in error and the sureties, on his appeal or supersedeas bond, for the performance of said judgment or decree, and shall make such disposition a's to the costs as they may order."

This article of the statutes formerly constituted article 1551 of the Revised Statutes of 1911. As the article then read, the Supreme Court was authorized to render judgment against the sureties on a supersedeas bond only in case the judgment rendered by the Supreme Court was "for the same or a greater amount, or of the same nature as rendered in the court below." Home Investment Co. v. Strange, 109 Tex. 351, 195 S. W. 849, 204 S. W. 314, 207 S. W. 307, and other cases cited by counsel were decided while the statute was in that shape. By an act passed in the year 1921, said article 1551 of the Revised Statutes of 1911 was so amended as to dispense with the requirement just quoted, and to alter the reading of the statute in other respects. The amended article, except in respects not material here, has been brought forward into the 1925 revision of the statutes, and constitutes article 1767 set out above. With reference to the amendatory act of 1921, our Supreme Court, speaking through Justice Greenwood, has said: "The complete purpose of the act must have been to remove the restriction on the power of the appellate courts to require full performance, by sureties on supersedeas bonds of the judgment finally pronounced when such judgment exacted less of the principal than the original judgment." Wichita Falls, Ranger & Fort Worth R. Co. v. Combs, 115 Tex. 405, 283 S. W. 135, 138.

■ The fact that the judgment of January 6, 1932, which was rendered in this case by the Supreme Court, has effect to reduce the amount of the judgment of the trial court and that of the Court of Civil Appeals, does not affect the authority of the Supreme Court, under article 1767, to render judgment against the sureties on the supersedeas bond in question, for the amount of the original judgment as so reduced. The law presumes that the makers of the bond contemplated the provisions of this statute as a part of the instrument.

We recommend that the motion to amend be granted, and that said judgment be amended as sought.