### THEOPHILAKOS v. COSTELLO et al.
### No. 1233.

Court of Civil Appeals of Texas. Waco.
Oct. 20, 1932.

204

Read, Lowrance & Bates, of Dallas, for appellant.

W. J. Rutledge, Jr., of Dallas, for appellees.

ALEXANDER, J.

On July 17, 1930, Mrs. Mary Costello, Thomas J. Costello, and others brought this suit against George Theophilakos. Mrs. Costello is the surviving widow of M. Costello, deceased, and Thomas J. Costello and the other plaintiffs are the surviving children of M. Costello, deceased. The suit was in trespass to try title to recover a business house and lot located at 1303 Elm street in the city of Dallas. In the alternative the plaintiffs alleged that in September, 1925, M. Costello leased the premises in question to the defendant by written lease for a term of years beginning October 1, 1925, and ending December 1, 1933, for a consideration of $28,425, payable monthly in advance at the rate of $275 for the first year and three months, at the rate of $300 per month for the year 1927, $325 per month for the year 1928, and $350 per month thereafter. They alleged that the contract provided that the landlord might declare the lease forfeited at his election for failure to pay rent; that the defendant paid the rent as per the contract until January 1, 1928, but that he had paid only the sum of $200 for the month of January, 1928, and since that time had paid only the sum of $225 per month. They alleged that M. Costello died on the 1st day of October, 1929, intestate, leaving the plaintiffs as his sole heirs and that they had elected to declare the contract forfeited for failure to pay rents. They prayed for judgment for the back rents in the sum of $3,500, for foreclosure of their lien on the fixtures, and for title and possession of the property. A writ of sequestration was sued out and the defendant dispossessed.

The defendant, in addition to entering a general demurrer, general denial, and plea of not guilty, admitted the execution of the lease contract and alleged specially that, at the time of the execution thereof, the said M. Costello owned the adjoining building and he represented to the defendant that the same, together with the second floor of the building so leased by the defendant, was leased to and occupied by the Times Herald, and that the same was so leased to the Times Herald for a long term and would be so occupied, and that such occupancy would bring increased business to the defendant, and that the said M. Costello verbally agreed that, in the event of any change in the occupancy of such adjoining building, he would "always treat the defendant right and give him proper consideration," and would reduce the rent in accordance with the rents being paid on adjoining property; that through fraud, accident, or mistake such provisions were omitted from the rental contract; that about January 1, 1928, it became known that the Times Herald would remove from the adjoining premises, and the said M. Costello desired the possession of a part of the premises so leased to the defendant for the purpose of providing an entrance to the second story of said building, and that, with such desire in mind, the said M. Costello executed and delivered to the defendant a written contract by the terms of which the rent to be paid for the remainder of his lease contract should be reduced to $225 per month; that thereafter the defendant, in consideration of the reduction in rent, did surrender the possession of a part of the building for the purpose of enabling the said Costello to provide a stairway to the second story of such building. The defendant further alleged that thereafter he paid the rents to the said M. Costello as per the terms of such new contract until the death of the said M. Costello on October 1, 1929, and that he so paid such rents to the plaintiffs up to and including the month of June, 1930, and delivered to said plaintiffs a check in the sum of $350 for the rent for the month of July, 1930; that the said M. Costello and the plaintiffs accepted such rents and thereby led the defendant to believe that his payments were satisfactory; and that by reason thereof the plaintiffs were estopped to forfeit such lease contract for failure to pay the back rents in accordance with the terms of the original contract. The defendant further prayed for damages for being unlawfully dispossessed from the premises under the distress warrant. The plaintiffs, by supplemental petition, directed a general demurrer, and special exceptions to the special matters of defense pleaded by the defendant and to his cross-action for damages. The substance of these exceptions will be discussed later.

The trial court sustained the plaintiffs' demurrer and special exceptions to the defendant's answer, excluded most of the evidence offered by the defendant, and gave an instructed verdict for the plaintiffs for the sum of $3,500 back rent, for title and possession of the premises, with foreclosure of the landlord's lien on the defendant's fixtures, and against the defendant on his cross-action for damages. Judgment was entered accordingly. The defendant appeals.

The appellant's first contention is that the court erred in sustaining the demurrer and special exceptions to the defenses pleaded by him. The appellant alleged, as a defense to his failure to pay the rents

as provided in the original lease, that on January 20, 1928, the said M. Costello wrote and delivered to the defendant the following letter: "January 20th. 1928—Mr. George Theophilakos—Model Candy Kitchen, 1303 Elm Street, Dallas, Texas, Dear sir—I hereby reduce you rent as I promised to two hundred and twenty five dollars / 225 / per month on account of dull business, until further notice or until 31st day of December, 1933. Yours very truly, [Signed] M. Costello," and that thereby the rents had been reduced to $225 per month and that he had paid the rents accordingly, and the plaintiffs had no right to forfeit the lease for failure to pay more. The plaintiffs excepted to such allegations on the ground, and their contention here is that such allegations did not present a good defense to the plaintiffs' cause of action because such letter did not state a valid consideration for a reduction in such rents. We think the plaintiffs are in error. The defendant alleged in his answer and in a trial amendment thereto that he had surrendered the possession of a part of the premises in consideration of the agreement to reduce the rent. This would be sufficient consideration for a modification of the original contract, and it was not necessary that the letter should recite the consideration for the reduction in the rent. Such consideration could be shown by parol evidence. Taylor v. Merrill, 64 Tex. 494; Norris v. Graham (Tex. Civ. App.) 42 S. W. 575. Both parties were competent to contract, and, if the landlord and the tenant, for sufficient consideration, as alleged, desired to modify or change the terms of the original contract by reducing the rents to be paid, they had a right to do so. 10 Tex. Jur. 356. It was alleged that the new agreement was in writing signed by the landlord and accepted and acted on by the tenant. The court erred in sustaining the exception to the defendant's answer in the above particular.

■■■ The court also erred in sustaining the exception to the defendant's pleas of waiver and estoppel. The defendant alleged that he paid the rent in accordance with the terms of the above letter at the rate of $225 per month to M. Costello until the latter's death, which occurred about October 1, 1929, and that thereafter he so paid same to the plaintiffs up to and including the month of June, 1930, and that such rents were received and accepted by the said M. Costello and the plaintiffs. He alleged that he tendered plaintiffs the sum of $350 on the first day of July, 1930, as rent for said month, but plaintiffs refused to accept same. He contends that the plaintiffs thereby waived their right to declare a forfeiture and are now estopped to do so. It is a well-settled principle of law that the contractual right to forfeit a lease for failure to pay rent, or for any other cause, may be waived, and, if the landlord accepts rent from his tenant after full notice or knowledge of breach of a covenant or condition in his lease for which a forfeiture might have been demanded, this constitutes a waiver of the right to declare a forfeiture for such breach and the landlord cannot thereafter declare a forfeiture for any such breach so occurring prior to such acceptance of the rent. He loses his right to declare a forfeiture until a new breach occurs. 16 R. C. L. 1132, § 653; 36 C. J. 603; 6 Tex. Jur. 688; Gulf, C. & S. Ry. Co. v. Settegast, 79 Tex. 256, 15 S. W. 228; Jackson v. Knight (Tex. Civ. App.) 194 S. W. 844; Barton v. Flanagan (Tex. Civ. App.) 25 S.W.(2d) 947; Coffer v. Beverly (Tex. Civ. App.) 184 S. W. 608; City National Bank v. Pope (Tex. Civ. App.) 260 S. W. 903; Weierhauser v. Bennett (Tex. Civ. App.) 19 S.W.(2d) 572. If M. Costello agreed to reduce the rents and thereafter he and the plaintiffs as his successors in title accepted the rents at the reduced rate and thereby led the defendant to believe that such payments were satisfactory, they thereby waived their right, and became estopped, to declare a forfeiture of such lease contract on account of the failure of the defendant to pay the full amount of such past due installments even though there was no consideration for the agreement to so reduce the rents. Their right to declare a forfeiture would not be revived until they had repudiated their promise to accept rents at the reduced rate and until the defendant had thereafter failed to pay a subsequently maturing installment at the higher rate. The court erred in sustaining the exception.

The trial court erred in sustaining an exception to the defendant's cross-action for damages and in giving an instructed verdict for the plaintiffs, but in view of the fact that these matters will not likely arise upon another trial in the same manner, we do not deem it necessary to discuss these assignments.

■ The appellant contends that the court erred in refusing to allow him to testify to certain transactions with the deceased, M. Costello. His contention is that the property in question was community property of the plaintiff Mrs. Mary Costello, and of her deceased husband, M. Costello, and since Mrs. Mary Costello acquired her interest therein as the community survivor and not as an heir of M. Costello, such testimony is not rendered inadmissible by the provisions of Revised Statutes, article 3716, prohibiting either party to testify to a transaction with the deceased. There is nothing in the record, however, to show that the property was community property. Mrs. Costello and the other plaintiffs brought the suit as heirs of M. Costello, deceased. The court therefore did not err in excluding this testimony. If upon another trial it should appear that Mrs. Costello is the owner of a one-half interest in the property as community survivor and not

as an heir of M. Costello, deceased, and that the other one-half interest is owned or claimed by the other plaintiffs as heirs of M. Costello, deceased, then the court will be controlled in the admission of this evidence by the case of King v. Morris (Tex. Com. App.) 1 S.W.(2d) 605.

On account of the errors above pointed out, the judgment of the trial court is reversed, and the cause remanded for a new trial.