### HARRIS et ux. v. WARE.

No. 1706.

Court of Civil Appeals of Texas. Waco.

March 19, 1936.

Rehearing Denied April 23, 1936.

W. L. Eason, of Waco, for appellants.

J. W. Spivey, H. L. Taylor, and A. C. Johnston, all of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought by G. W. Ware against C. M. Harris and wife to cancel a lease contract on a hotel in Waco, executed by Ware as lessor and Mrs. C. M. Harris and Charles T. Alexander as lessees, and to recover possession of said hotel, together with certain personal property therein, and also to recover certain unpaid rents claimed to be due under said lease and to foreclose a chattel mortgage lien on certain personal property situated in the hotel. The case went to trial before the court on August 20, 1934, and resulted in a judgment which was entered some time during the month of August in favor of plaintiff against Mrs. C. M. Harris and Charles T. Alexander for unpaid rents for the sum of $1,000, with foreclosure of the lien against all defendants, and judgment for certain personal property, and for possession of the hotel and cancellation of the lease in the event the judgment for the rents, together with the installment to mature September 1, 1934, should not be paid prior to September 2, 1934. The defendants, C. M. Harris and wife, appealed.

Appellants' first contention is that the court erred in rendering a personal judgment against Mrs. C. M. Harris, a married woman. The record discloses that plaintiff filed the suit against both Mr. and Mrs. Harris on May 3, 1934, and sought judgment for the unpaid rents that were due under the lease contract signed by Mrs. Harris, and prayed for cancellation of the lease and for the appointment of a temporary receiver to take charge of the property pending the trial. The petition disclosed that Mrs. Harris was a married woman. In her original answer, Mrs. Harris pleaded her coverture as a defense to the suit, but later, in order to avoid the appointment of a temporary receiver, she withdrew her plea of coverture. Thereafter, on August 21, 1934, plaintiff filed an amended petition seeking substantially the same relief, in which pleading it was again disclosed that Mrs. Harris was a married woman. The defendants filed an amended answer to said petition on August 22, 1934, in which they specially excepted to plaintiff's said amended petition on the ground that the petition disclosed on its face that Mrs. Harris is and was a married woman at the time the contract was executed and that by reason thereof the lease contract was void and unenforceable. Said defendants did not otherwise affirmatively plead Mrs. Harris' coverture as a defense to said contract, but on the contrary they asserted the validity of the lease contract and sought to defeat a cancellation thereof. It is now definitely settled in this state that the contract of a married woman is not void, but is merely voidable. Leake v. Saunders (Tex.Sup.) 84 S.W. (2d) 993. Consequently, Mrs. Harris had a right to stand on the contract or to repudiate it as she saw fit, but she could not do both. Having resisted cancellation of the lease and sought to hold possession of the leased premises by virtue thereof, she thereby affirmed the contract and is bound thereby. There was no error, therefore, in rendering judgment in favor of the plaintiff against Mrs. Harris for said unpaid rents.

The judgment was for the rents that accrued for the months of April, May, June, July, and August, 1934, which rent, under the terms of the contract, was payable in advance on the first day of each month. The rent for the above months

was never paid, but the trial court filed findings in which it was found that the amount due for each of said months was regularly tendered by the lessees on the first of each of said months and refused by the lessor. Such tender, however, was not kept good inasmuch as it was not formally renewed and the money actually tendered in court prior to nor during the trial. The lease contract provided that failure to pay the rent would entitle the lessor to forfeit the lease. With the record in this condition, the court awarded judgment in favor of the lessor not only for the amount of the unpaid rents, but also for foreclosure of the mortgage lien and for cancellation of the lease contract. The judgment for the unpaid rents was proper because the tender was not kept good. Such tender did not affect a cancellation of the debt so as to defeat the lessor's right to recover for the unpaid rents. State v. Hoffman, 109 Tex. 133, 201 S.W. 653; Brock v. Jones' Ex'r, 16 Tex. 461; Tooke v. Bonds, 29 Tex. 419, 420; Rogers v. People's Building, Loan & Savings Ass'n (Tex.Civ.App.) 55 S.W. 383; 62 C.J. 683. But this is not true with reference to the right to foreclose the chattel mortgage lien. The tender of the amount of rent as it accrued discharged the mortgage lien and defeated appellee's right to a foreclosure thereof even though the tender was not thereafter kept good. Poff v. Miller (Tex.Com.App.) 235 S.W. 570, par. 3; Meyer & Kiser v. French (Tex.Com.App.) 288 S.W. 405, par. 5; Texas Auto Co. v. Clark (Tex. Civ.App.) 12 S.W.(2d) 655, par. 5 and authorities there cited. This same rule applies with reference to the alleged right to cancel the lease. The tender of the rent as it accrued was all that was required of the lessees. The refusal of the lessor to accept the rent, when timely tendered, waived the lessor's right to declare a forfeiture for the failure to pay such rent, and he could not thereafter declare a forfeiture until a new breach occurred. Theophilakos v. Costello (Tex. Civ.App.) 54 S.W.(2d) 203; 27 Tex. Jur. 90; Jackson v. Knight (Tex.Civ.App.) 194 S.W. 844; Barton v. Flanagan (Tex. Civ.App.) 25 S.W.(2d) 947; Gulf, C. & S. F. Ry. Co. v. Settegast, 79 Tex. 256, 15 S.W. 228; 36 C.J. 603.

■ The lessees did not pay the rent for the month of March, 1934, promptly when it matured, and as a result the lessor notified the lessees to vacate the premises at once. It appears, however, that thereafter the rent for said month was paid to and accepted by the lessor. Consequently, the lessor waived his right to declare a forfeiture on account of this particular breach. Theophilakos v. Costello (Tex.Civ.App.) 54 S.W.(2d) 203, par. 3, and authorities there cited. The lease contract contained a provision authorizing the lessor to arbitrarily terminate the lease upon ninety days' previous notice to the lessees. It does not appear, however, that there was any attempt to comply with these provisions of the contract, and hence the judgment of the court cancelling the lease cannot be sustained thereby.

■ The judgment was entered some time in August, 1934. The court provided therein that if the lessees did not, on or before September 2, 1934, pay the judgment for the back rent amounting to $1,000 and in addition the current rent to become due September 1, 1934, the lease should be canceled. We have heretofore explained why the lease could not be canceled for the failure to pay the past-due rent. We think it axiomatic that the court could not anticipate a failure to pay the rent to mature in the future and declare a forfeiture in the event of failure to pay the same. Therefore, the court had no right to provide in the judgment for a cancellation of the lease in the event of the failure to pay the rent to accrue September 1, 1934.

■ From what has been said, it is apparent that we are of the opinion that the court properly rendered judgment for the plaintiff for $1,000 for the past-due rents, but that there was error in that part of the judgment wherein the court awarded judgment for possession of the hotel and the personal property sued for and foreclosed the chattel mortgage lien and canceled the lease contract. There are some irregularities in that part of the judgment wherein the court entered judgment against Charles T. Alexander for the past-due rents, but as he has not appealed, we do not deem it necessary to disturb this part of the judgment on account of these discrepancies.

That part of the judgment of the trial court wherein judgment was rendered in favor of the plaintiff against the defendants, Mrs. C. M. Harris and Charles T. Alexander, for the sum of $1,000, with le-

gal interest from September 1, 1934, and costs, is affirmed. The judgment in all other respects is reversed and judgment here rendered for the defendants without prejudice, however, to the right of the plaintiff to sue in the future to enforce his rights to collect any rents accruing on or after September 1, 1934, and to recover any of the personal property described in the pleadings to which he may show himself entitled in the future. .

### On Motion for Rehearing.

In our original opinion we affirmed the judgment of the lower court. in favor of appellee for the sum of $1,000 and interest, but reversed that part of the judgment of the trial court in favor of appellee for cancellation of the lease on the hotel and for possession of certain personal property and for foreclosure of the chattel mortgage lien on other property. Appellee on motion for rehearing complains because we refused to render judgment in his behalf against the sureties on the supersedeas bond for that part of the judgment affirmed in his favor.

The power of the Court of Civil Appeals to render summary judgment against the sureties on a supersedeas bond must be found in Revised Statutes 1925, art. 1857, or else it does not exist. Blair v. Sanborn, 82 Tex. 686, 688, 18 S.W. 159; Wichita Falls, Ranger & Fort Worth Ry. Co. v. Combs, 115 Tex. 405, 283 S.W. 135, at bottom page 138. Said article reads, in part, as follows: "When a court of civil appeals affirms the judgment or decree of the court below, or proceeds to render such judgment or decree as should have been rendered by the court below, and such judgment shall be for the same or a greater amount or of the same nature as rendered in the court below, said court shall render judgment against the appellant or plaintiff in error and his sureties on the appeal bond, subject to such disposition as to costs on said appeal as said court may order." The above article now reads substantially as it did in the 1911 and prior codifications, under which it was held that judgment could be rendered against the sureties on the supersedeas bond only when the trial court's judgment was affirmed or when judgment was rendered for as much or more than the amount of the trial court's judgment. Texas Trunk Ry. Co. v. Johnson, 86 Tex. 421, 424, 25 S.W. 417; Home Invest-

ment Co. v. Strange, 109 Tex. 342, 351, 195 S.W. 849, 204 S.W. 314, 207 S.W. 307; Wichita Falls, Ranger & Fort Worth Ry. Co. v. Combs, 115 Tex. 405, 283 S.W. 135, 138.

Article 1857 (Rev.St.1911, art. 1627) was amended in 1921 (Acts 1921, 37th Leg., c. 23, p. 55, § 2), so as to permit a Court of Civil Appeals to render judgment against the sureties on the supersedeas bond even though the judgment of that court exacted less of appellant than did the judgment appealed from [see, in this connection, the holding of the Commission of Appeals in Prim v. Farmers' National Bank, 51 S.W.(2d) 684, construing, similar provisions of article 1767 regulating the right of the Supreme Court to enter judgment against such sureties in that court]; but when the statutes were recodified in 1925, said original article was readopted substantially as it existed prior to the act of 1921. We must assume that the Legislature by readopting the pertinent portions of the old article intended that the new act should receive the same construction as had been. given to the same language in the old article, and that in order to authorize the entry of summary judgment in the Court of Civil Appeals against the sureties on a supersedeas bond, the judgment of that court must be for the same or a greater amount or of the same nature as rendered in the lower court. A contrary holding was made by the Court of Civil Appeals in Denton Milling Co. v. Blewett, 254 S. W. 236; but the Supreme Court in refusing a writ of error called attention to the fact that the sureties on the bond were not complaining of the judgment against them. See Id., 114 Tex. 582, 278 S.W. 1114. A contrary holding was likewise made in the case of Traders & General Ins. Co. v. Lincecum (Tex.Civ.App.) 81 S.W.(2d) 549; but the Supreme Court granted a writ of error therein because of the entry of judgment against the sureties on the supersedeas bond.

The judgment as rendered by this court is for the same amount of money as that rendered by the lower court, but the amount of appellee's recovery in this court in other respects is materially less than it was in the lower court. Here appellee failed in his effort to cancel the lease on the hotel, failed to recover possession of the personal property sued for, and failed to foreclose the lien given to se-

cure the payment of the unpaid rents. All these constituted material parts of the recovery had in the lower court. It cannot be said, therefore, that the judgment rendered by this court is for the same or a greater amount nor of the same nature as that rendered by the lower court. Johnson v. Snaman (Tex.Civ.App.) 76 S.W.(2d) 824, par. 12; Schutze v. Dabney (Tex.Civ.App.) 204 S.W. 342, par. 5, reversed on other grounds (Tex.Com. App.) 228 S.W. 176. We therefore hold that appellee is not entitled to summary judgment against the sureties on the supersedeas bond.

. Appellee's motion for rehearing is overruled.