Deel v. Berry.

JOHN DEEL AND ANOTHER v. HENRY BERRY.

Where there is an agreement to pay in specific articles at a time fixed, the vendor or debtor becomes the first actor, and must tender the articles to save himself from default.

Where the time is fixed, but not the place, and the articles are ponderous, the promisor must request the promisee to designate a convenient place of delivery.

A debt to be paid in services, and not in goods, is affected by the same rule, and where a party agrees to pay in work, at a specified time, no demand on the part of the promisee is necessary.

Where a person gave his note to be discharged on a day fixed, either in work or money, he had until the day so fixed the right of election to pay in either; but the note not being discharged, his right of election was lost, and he became liable as for a demand in money.

Error from Rusk. Tried below before Hon. C. A Frazer. The facts are stated in the Opinion.

*M. D. Graham* and *G. C. Robertson*, for defendant in error. When by the terms of the contract a promisor has the right to do one of two things by a certain day—such as to perform certain work, or pay money, he has the right to elect, which he will do until the day is past, but not afterwards. (Story on Con., Sec. 969, p. 1067; Dunman v. Strother, 1 Tex. R. 89; Baker v. Todd, 6 Tex. R. 273.)

Under the terms of the agreement, no demand was necessary on the part of the creditor. The obligation was payable on or before a fixed period, and not on demand. It was a privilege reserved to Deel to discharge the obligation in carpenter work, and if he wished to avail himself of the privi-

lege, it was his duty as the first agent—who was required to do the first act—to make a tender of the carpenter work before the maturity of the obligation. His failure to do so deprived him of his right to discharge his contract specifically. (Dunman v. Strother, 1 Tex. R. 89.)

This case does not come within the rule laid down in the case of Ward & Martin v. Latimer & Bagby, (2 Tex. R.,) and hence it was not necessary to aver the value of carpenter's work in the petition.

HEMPHILL, CH. J. This was a suit by Henry Berry, (the bearer,) claiming one hundred and fifty dollars, with interest, on the following promissory note:

On or before the first day of January next, I promise to pay John Ray, or bearer, one hundred and seventy-five dollars, to be paid in carpenter's work, and if not paid in carpenter's work then one hundred and fifty dollars in money will discharge this note. The consideration of this note is the hire of a negro boy by the name of Wash, for the remainder of this year, for value received.

(Signed,)                                    JOHN DEEL.
*March* 1st, 1855.

The defendant demurred specially:

1st. That no demand for the work is set forth in the petition.

2d. That the discharge of the contract in money is the privilege of the defendant, and the plaintiff has no right to demand payment in money; and he pleaded also, that he had at different times, both before and since the note became due, tendered to do the carpenter's work, and was always ready and willing so to do, both before and at the time of the note's maturity, with other allegations of tender to the plaintiff to do the work as soon as it was ascertained that he had the note.

The plaintiff excepted to that portion of the answer which averred a tender after maturity of the note.

The exception of plaintiff to the answer of defendant was sustained, and that of defendant to the petition was overruled.

The first ground of exception by the defendant is, that no demand by the plaintiff for the work is alleged in the petition.

Under the terms of this contract no demand was necessary on the part of the plaintiff. Where the agreement is to pay in specific articles, without designation of time or place, there seems some diversity of opinion, as to whether the creditor must demand payment, or whether the payor must first seek the payee and offer to perform the stipulation in the contract. But where the time is fixed, the vendor or debtor becomes the first actor and must tender the articles to save himself from default. (Chipman on Contracts, 28, 29; Barr v. Myers, 3 Watts & Sergt. 295; Roberts v. Beatley, 2 Penn. 63, 71, 72; 5 Cowen, 516; Vance v. Bloomer, 25 Wendell, 196.) Where the time is specified, but not the place, and the articles are ponderous, the promisor must request the promisee to designate a convenient place of delivery. (2 Kent, 507; 2 Parsons on Contracts, 507.)

The fact that the debt was to be paid in services, and not in goods, does not affect the principle requiring the promisor, when the time of performance is specified, to be the first actor. The defendant was bound to tender the work or performance before or at the day fixed by the agreement. The right of the plaintiff to appoint the place where the work must be done, and also the articles of work, need not be discussed, as such questions are not involved in the cause.

From a review of the authorities, we believe that the plaintiff was not bound in support of this action to show a demand, and that in this particular there is no ground for the exception of the defendant.

The next ground of the defendant's exception, viz: as to his privilege to pay in either money or services, will be considered in connection with the exception of the plaintiff to the aver-

ment by the defendant of tender of the work after the maturity of the note.

There is no doubt that by the contract the defendant had the privilege, until the maturity of the note, to pay in either services or money. He had, until that day, the right of election. The note not being then discharged his right of election was lost, and he became liable as for a demand in money, the amount of which had been agreed upon and settled between the parties. (Story on Contracts, Sec. 969; Strother v. Dunman, 1 Tex. R. 89.)

The defendant having lost his right to pay in services, after the specified time had passed, there was no error in sustaining the exception to the plea of tender after the maturity of the note. The judgment is affirmed.

Judgment affirmed.