GARRETT v. GULF, C. & S. F. RY. CO. (No. 5410.)

(Court of Civil Appeals of Texas. Austin. Nov. 11, 1914. Rehearing Denied Jan. 6, 1915.)

1. APPEAL AND ERROR (§ 544*)—BILL OF EXCEPTIONS—NECESSITY—INSTRUCTIONS.
　　Where no bill of exceptions was taken to the court's action on instructions, assignments of error thereon could not be considered.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

**2. New Trial** (§ 104*)—**Newly Discovered Evidence—Cumulative Evidence.**

In an action for injuries to a child caused by the jerking of a train, witnesses having testified as to the jerking and its effect, and of hearing a child crying, and of remarks of passengers, it was not an abuse of discretion to refuse a new trial for testimony of a witness that the jerk woke him up, and he asked what was the matter, and some one said they came near having a wreck, and that he heard a child crying.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 218–220; Dec. Dig. § 104.*]

Appeal from District Court, Brown County; John W. Goodwin, Judge.

Action by Brown Garrett against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Arch Grinnan, of Brownwood, for appellant. Terry, Cavin & Mills, of Galveston, G. N. Harrison, of Brownwood, J. W. Wayman, of Galveston, and Lee & Lomax, of Ft. Worth, for appellee.

JENKINS, J. [1] All of appellant's assignments of error except one relate to the charge given and the charges refused. As no bill of exceptions was taken to the action of the court in giving and refusing charges, these assignments of error cannot be considered. Insurance Co. v. Rhoderick, 164 S. W. 1067; Railway Co. v. Tomlinson, 169 S. W. 217.

[2] The remaining assignment of error is as to the action of the court in overruling the motion for new trial, the grounds of said motion being on account of newly discovered testimony. This suit was for alleged injury to a child by reason of unusual jerking of the train, causing the child to be thrown from its seat. Plaintiff's witnesses, Mrs. Garrett, mother of the child, Jim Reese, and W. L. Hester, testified to such jerking of the train. A number of witnesses testified that there was no jerking of the train. We think the newly discovered testimony of White was cumulative. We quote the testimony of plaintiff's witness Hester, as follows:

"That he was a passenger on the train of the Gulf, Colorado & Santa Fé Railway Company, coming from Temple to Brownwood, on the evening of July 28, 1913; that he saw Mrs. Garrett on the train, and just before he saw her the train made a lunge or jerk; that it like to have jerked him off the seat, and that he heard a child crying; that he heard one fellow say that if they jerked many licks like that it would tear the coach up."

The proposed testimony of the witness White, as set out in the motion, is as follows:

"That he was a passenger on the train of the Gulf, Colorado & Santa Fé Railway Company, coming from Temple to Brownwood, on the evening of July 28, 1913; that just before we reached Goldthwaite, Tex., the train gave a very hard jerk, and pitched me forward in my seat, and woke me up, and I asked what was the matter, and some one said they 'came durn near having

a wreck.' All of these remarks were made immediately after said jerk. I heard a child crying in the coach behind the coach I was in."

For the reason that this testimony was merely cumulative, the court did not abuse its discretion in refusing to grant a new trial.

The judgment of the trial court is affirmed.