## MEYER & KISER v. FRENCH.
### (No. 836–4542.)

(Commission of Appeals of Texas, Section A.
Dec. 8, 1926.)

**1. Trial ⇐343—Instructed verdict in suit on note secured by mortgage, and to foreclose mortgage, was finding as to mortgage and note.**

In action on note secured by mortgage on automobile and to foreclose mortgage, where defendant interposed general denial, instructed verdict for plaintiff was finding with respect to mortgage as well as on note.

**2. Bills and notes ⇐516—Evidence held to show attorney's services were unnecessary in collecting note having provision for attorney's fees.**

Evidence *held* to show that it was not necessary to employ attorney to collect notes providing for attorney's fees in that event, where maker had placed money in bank and arranged with it to pay note when due, but bank failed to do so.

**3. Bills and notes ⇐129(2)—Where maker placed money in bank, and arranged with it to pay first note when due, payee could not declare all notes due under acceleration clause.**

Under notes maturing all notes on failure to pay any note when due, where maker had placed money in bank and arranged with it to pay note when due, and bank had failed to do so, holder had no right to declare all notes due and sue thereon.

**4. Costs ⇐42(8)—Where holder sued on note, having provision for attorney's fees, after maker had tendered payment, he could not recover attorney's fees, interest, or costs.**

Where holder of note, providing for attorney's fees for collection, sued maker after maker had tendered amount of note when due, but refused to pay attorney's fees, holder could not recover interest and attorney's fees or costs.

**5. Chattel mortgages ⇐237—Tender of payment of note secured by chattel mortgage discharged mortgage.**

Where maker of note secured by chattel mortgage had made arrangement with bank to pay note, and bank had failed to do so, and holder then employed attorney, and maker tendered amount of note, but refused to pay attorney's fees, tender of payment discharged mortgage.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Meyer & Kiser against Dr. J. P. French. Judgment for plaintiffs was reversed and remanded by Court of Civil Appeals in 277 S. W. 1114, and defendant brings error. Judgment of Court of Civil Appeals reversed, and that of county court reformed and affirmed.

T. Edgar Johnson and Floyd Jones, both of Breckenridge, for plaintiff in error.

Frank S. Roberts, of Breckenridge (E. W. Bounds, of Fort Worth, of counsel), for defendant in error.

BISHOP, J. Meyer & Kiser, a corporation, on March 3, 1924, sued Dr. J. P. French, in the county court of Stephens county, upon a series of 12 notes executed by him, and to foreclose a mortgage given by him on an automobile to secure their payment. The first eleven notes were for $49 each, and the twelfth for $50.03, aggregating $589.03. They were of date January 1, 1924. One of these notes became due and payable on February 1, 1924, and one on the first day of each month thereafter. They all bore interest at the rate of 8 per cent. per annum from maturity, and were payable at the First National Bank of Breckenridge, Tex. They all contained the following provision, to wit:

"Failure to pay this note or any of the notes of this series when due shall, at the option of the holder hereof, mature all of said notes then unpaid. In event that it should become necessary to employ an attorney to collect this note by suit or through the probate court or otherwise, or to preserve or protect property described in the aforesaid mortgage, the parties hereunto agree to pay all costs incurred, including a reasonable attorney's fee, which shall not be less than 15 per cent. of the amount then due."

French answered by general denial, and pleaded tender of payment. On trial before a jury the trial court instructed a verdict for the plaintiff, Meyer & Kiser, and the jury rendered the following verdict, to wit: "We, the jury, find in favor of plaintiff." On this verdict judgment was rendered in favor of Meyer & Kiser for the full amount of their notes, interest, and attorney's fees, foreclosing the mortgage lien on said car.

[1] The Court of Civil Appeals reversed this judgment and remanded the cause, holding that the verdict made no finding with respect to the mortgage. 277 S. W. 1114. This holding is erroneous, and in conflict with the holding of the Court of Civil Appeals in the case of Rogers v. Bryan, 270 S. W. 1071. The charge of the court directing verdict and the verdict returned in response thereto had reference to the cause of action asserted in plaintiff's petition and relief therein sought. The verdict was a finding in plaintiff's favor on all issues tendered in its pleadings.

The uncontradicted evidence shows that defendant in error had made arrangement at the bank at which the notes were payable to pay off and take up the note first maturing on its due date, February 1, 1924, and had placed money in the bank for this purpose. Payment was not effected as thus arranged, but all the notes were by the bank turned over to the attorney for plaintiff in error on February 11, 1924. On about Febru-

ary 15,.1924, defendant in error received a letter from said attorney stating that he had this note for collection, and requesting payment of the note, together with $7.35 attorney's fees. He immediately 'advised said attorney that he had been ready to pay the note, and had the money in the bank to pay when it became due, and offered to pay the note, but refused to pay the $7.35 attorney's fees. The attorney refused to accept this payment. .When the second note became due on March 1st, he tendered payment of same, and also payment of the first note, but refused to pay the attorney's fees.. The attorney declined to accept payment, and advised him that, unless he paid the attorney's fees of $7.35, all the notes would be declared due and suit filed.

[2, 3] The evidence shows without contradiction that it was not necessary to employ an attorney to collect the two notes first maturing, and that defendant in error was able, ready, and willing to pay same on request. He offered to pay the first note as soon as request was made therefor, and his offer was declined, for the reason that he refused to pay $7.35 as attorney's fees, for which he was not liable. He had placed the money in the bank, and arranged with it to pay this note when due, and it was not his fault that the bank turned the note over to the attorney for plaintiff in error. The bank should have applied the money left with it for that purpose to the payment of this note. Defendant in error had not failed and refused to pay the note due at the time suit was filed on March 3, 1924, but had tendered full payment, which was refused. Plaintiff in error had no right to declare all the notes due and sue thereon. After. this suit was thus wrongfully filed, and before the amended petition (on which the case was tried) was filed, defendant in error tendered payment of all the notes, and this tender was also refused.

[4] The evidence clearly shows that this suit was not necessary for collection of any 'of the notes, and that it never became necessary to employ an attorney to collect any of them. The trial court should have directed a verdict and entered judgment thereon in favor of plaintiff in error for the principal sum of the notes, denying .recovery for interest and attorney's fees, and also denying foreclosure of mortgage lien, and should have also rendered judgment for defendant in error for all costs of suit.

[5] We think the tender of payment shown by this record had the effect to discharge the mortgage lien (11 C. J. p. 679, §§ 452 and 453), and recommend that the judgment of the Court of Civil Appeals reversing the judgment and remanding the cause be reversed, and that judgment of the county court be so reformed as to allow plaintiff in error recovery for the sum of $589.03 only,

and, as reformed, affirmed, and that all costs be adjudged against plaintiff in error.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the county court reformed and affirmed, as recommended by the Commission of Appeals.