**FLORENCE v. WARREN et al.**    (No. 3360.)

Court of Civil Appeals of Texas. Texarkana. March 17, 1927.

**1. Chattel mortgages ⬅237—Legal tender of payment of debt discharges lien of chattel mortgage.**

Legal tender of payment of debt operates to discharge lien of chattel mortgage securing it.

**2. Chattel mortgages ⬅278—Court's findings held to justify conclusion that mortgage debt was payable in money,' and that mortgagor could not demand delivery of mortgaged cotton.**

In suit on note secured by chattel mortgage, court's findings *held* to justify conclusion that debt was payable in money, which defendant tendered, and that plaintiff had no right to demand delivery of mortgaged cotton.

**3. Tender ⬅21—Debtor may treat offer to pay as refused, if not accepted at once or within reasonable time, in absence of anything requiring delay.**

Creditor cannot change effect of tender of payment by indecisive answer, and, in absence of anything in transaction requiring delay, debtor may treat offer as refused, if acceptance is not signified at once or within reasonable time under circumstances.

**4. Chattel mortgages ⬅282—Court's conclusion that mortgagor made legal tender of payment involved finding that several days' delay in communicating acceptance was unreasonable.**

Court's conclusion that defendant made legal tender of payment of note sued on, thereby discharging lien of chattel mortgage, involved finding that delay of several days in communicating acceptance of offer was unreasonable, and entitled defendant to treat offer as refused.

**5. Appeal and error ⬅544(1)—Appellate court cannot hold trial court's conclusion unwarranted by evidence, in absence of statement of facts.**

In absence of statement of facts, appellate court cannot say that trial court's legal conclusion that mortgagor made legal tender of payment of debt, thereby discharging chattel mortgage lien, was unwarranted by evidence.

**6. Tender ⬅18—Tender need not be kept good to discharge lien, when third parties are concerned.**

Tender of payment need not be kept good in order to discharge a lien, when third parties are concerned.

Appeal from Wood County Court; H. V. Puckett, Judge.

Action by W. E. Florence against W. J. Warren and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Bozeman & Cathey, of Quitman, and C. E. Florence, of Gilmer, for appellant.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

M. D. Carlock and R. B. Howell, both of Winnsboro, for appellees.

HODGES, J. On September 2, 1922, W. E. Florence and W. J. Warren entered into a contract by the terms of which Warren agreed to deliver to Florence two bales of cotton annually for the years 1923, 1924, 1925, and 1926. On the 21st of the same month Warren executed and delivered to Florence his promissory note for $200, due October 1, 1923. The note provided for interest and attorney's fees, and was secured by a chattel mortgage on two bales of cotton to be grown by Warren on his farm. The note and mortgage were, according to the pleadings, given to secure the performance of the contract made on September 2. During the year 1923 Warren raised two bales of cotton, but sold them to the other parties, and did not deliver any cotton to Florence. But on the day the note matured he tendered to Florence the full amount due. The latter declined to accept payment in money till he could confer with his brother, which required only a few minutes. During that time Warren went off. A few days later Florence informed Warren that he would accept the money, but was told that by Warren that the money had been spent, and the debt was not paid nor the cotton delivered. Some time later Warren filed a petition in bankruptcy. In May, 1924, Florence filed this suit against Warren to recover the amount of the debt, interest, and attorney's fees. He joined as parties defendant B. F. Bright and the members of a partnership doing business under the name of the Cain Cotton Company. He charged the last-named defendants with having converted the cotton on which he had a mortgage lien. Warren pleaded a tender of the amount of the debt at maturity and his discharge in bankruptcy. The other defendants pleaded a general denial and adopted the answer of Warren, except his plea in bankruptcy. A trial before the court resulted in a judgment in favor of the defendants.

The case is appealed on the findings of fact and conclusions of law filed by the trial judge. He finds that Warren sold the cotton, but does not state to whom it was sold; that after the sale of the cotton Warren was discharged in bankruptcy. Appellant, however, insists that in disposing of the cotton Warren committed a tort, from which his discharge in bankruptcy did not release him. Upon the issue of tender the trial court thus states his conclusions:

"I find that upon the day the note became due defendant W. J. Warren went to the place of business of plaintiff and told him he was ready to pay the amount due upon said note, including principal and interest, and offered plaintiff the money; that plaintiff told Warren that he wanted the two bales of cotton, and that he would not accept the money until he consulted with his brother, which took a few minutes, and during this time defendant Warren left plaintiff's place of business; that a few days afterwards plaintiff went to defendant Warren's home and told him he would accept the money, and was informed by Warren that he had spent the money.

"Conclusion of Law.

"From the above facts, I conclude that defendant W. F. Warren made a legal tender to plaintiff for payment of said note, and that same was a waiver and discharge of the mortgage lien, if any existed, as to defendants B. F. Bright and Cain Cotton Company."

The court further concluded that Warren had been discharged in bankruptcy, and that this discharge released him from any liability to the plaintiff.

[1, 2] If the offer made by Warren to pay the debt was sufficient to constitute a legal tender, it operated to discharge the lien on the cotton. Poff v. Miller (Tex. Com. App.) 235 S. W. 570. The findings of the court justify the conclusion that the debt due from Warren was payable in money, and that Florence did not have the right to demand the delivery of the cotton. Deel v. Berry, 21 Tex. 463, 73 Am. Dec. 236.

[3] It is true that in this instance the offer of Warren to pay the money was not unconditionally refused by Florence, and it may be said that the latter should have been allowed a reasonable time within which to decide whether he would take the money or insist upon the delivery of the cotton. But a creditor cannot change the effect of a tender by an indecisive answer. When the offer is made and there is nothing in the transaction to require delay, if an acceptance is not signified at once or within what under the circumstances may be considered a reasonable time, the other party has the right to treat the offer as refused.

[4, 5] According to the court's findings of fact, several days elapsed between the making of the offer by Warren and the communication of the acceptance by Florence. It further appears that there was no necessity for a delay of more than a "few minutes." The court's legal conclusion involves a finding that the delay in this instance was unreasonable, and that Warren had a right to treat his offer as refused. In the absence of a statement of facts, we cannot say that this conclusion was unwarranted by the evidence.

[6] It is also true that Warren did not "keep the tender good." That is not required in order to discharge a lien when third parties are concerned. Thomas v. Seattle Brewing Co., 48 Wash. 560, 94 P. 116, 15 L. R. A. (N. S.) 1165, and notes, 125 Am. St. Rep. 945, 15 Ann. Cas. 494; 26 R. C. L. 644.

The judgment will be affirmed.