**TEXAS AUTO CO. v. CLARK.** (No. 719.)

Court of Civil Appeals of Texas. Waco.
Dec. 13, 1928.

Rehearing Denied Jan. 10, 1929.

Sidney P. Chandler and Emeline Jackson, both of Corpus Christi, for appellant.

A. B. Geppert, of Teague, for appellee.

GALLAGHER, C. J. This appeal is prosecuted by appellant, Texas Auto Company, from a judgment rendered against it in favor of appellee, W. C. Clark, in the county court for the sum of $89.94. The case was tried to a jury. There were several conflicts in the evidence, but the jury accepted in the main the testimony of appellee and his witnesses. Appellee purchased a Chevrolet car from appellant in Corpus Christi, Nueces county, Tex. He made a substantial cash payment, but was not able to reduce the balance due to the amount a finance corporation was willing to carry on the car. He therefore executed and delivered to appellant two notes for $50 each, and secured them by a mortgage thereon. Said notes provided for the payment of principal and interest and all expenses incurred in the collection thereof. Said mortgage provided, among other things, that appellee should not remove said car from Nueces county without the written consent of appellant; that, in event he did so, appellant, or its authorized agent, should have the power and right to enter upon his or any other premises where the same might be located and search for and seize the same with or without legal process; that all claims for trespass, or damage resulting therefrom, were expressly waived; that appellant or its authorized agent should also have authority to sell the same at public or private sale and apply the proceeds of such sale to the satisfaction of its debt and expenses incurred in that connection, paying the remainder, if any, to appellee; that, in event appellant repossessed such car under the authority so given, and the same was not at the time in a merchantable condition, appellant might have it put in such condition and the expense of doing so should constitute a further lien thereon. Appellee left Corpus Christi and returned to his former home at Streetman in Freestone county. He, without the consent of appellant, took the car with him. He failed to pay the first of said two notes at maturity, and appellant, under the provisions contained therein, declared them both due. Appellant sent its agent, Cobb, to Streetman to repossess said car. He did so under circumstances which will be hereinafter recited, and returned the same to Corpus Christi. Appellee went to Corpus Christi and paid to appellant both said notes and other charges demanded of him. The car was then turned over to him. He returned to Freestone county and instituted this suit. The facts with reference to the issues of law discussed will be recited in connection therewith. The case was submitted on special issues, and, upon return of a verdict, the court rendered judgment against appellant and **in**

favor of appellee for the sum of $89.94. Hence this appeal.

## Opinion.

Appellant presents as ground for reversal the action of the court in refusing his request for a peremptory instruction. Appellant contends in this connection that it had, under the terms of its mortgage, the right to the possession of said car, that it was therefore not guilty of trespass in seizing the same and that it cannot be held liable in damages for such action. Appellee, in reply to, such contention, claims that the mortgage lien was discharged prior to the seizure by an effective tender of the amount of the debt due appellant and secured by its mortgage. Appellee testified that on every occasion he offered to pay the $100 due, with interest thereon, and that appellant's agent, Cobb, refused to accept such payment, and stated he had been sent to get the car. Appellee's wife testified that, when Cobb approached them about the matter, he told appellee "he came to get the car and be damned if he didn't get it"; that appellee had the money in his pocket to pay the amount due, but that Cobb would not accept it; that appellee told Cobb that, if he would not accept the money, he (appellee) would go to Corpus Christi and pay it to appellant there; that Cobb told him not to go to Corpus Christi, for they could send him to the pen anyway; that they were preparing to go to Corpus Christi to redeem the car. The testimony further discloses that appellee carried Cobb in the car to the bank; that he left the car and went in to cash a check, leaving Cobb in the car; that, as soon as appellee disappeared into the building, Cobb took the steering wheel and started the car and left at full speed. Appellee testified that he had refused to give Cobb possession of the car. Cobb testified that appellee claimed he did not have the money to pay the debt; that he waited about four hours for appellee to try to raise the money, and that appellee failed to do so; that he then drove the car away while appellee was inside the building. He further testified that he did not take the car by force.

The jury, in response to the special issues submitted, found, in substance: (a) That appellee did not make a tender to said agent by actual presentation to him of the amount of money due on said indebtedness; (b) that appellee had the money to pay the amount due at the time; (c) that Cobb told appellee that he had instructions to repossess the car, and that he would not accept payment of said indebtedness; (d) that Cobb would not have accepted payment of said indebtedness if appellee had actually presented the amount thereof in money.

An effective tender can be made without actually producing, exhibiting, and counting the money at the time of the offer to pay. When an offer of payment is made in good faith and the party making such offer has the money to make actual payment of the claim, and the party to whom it is offered declares that he will not accept such payment, the actual production and exhibition of the money is waived and a valid and effective tender is shown. Such a tender was shown by the evidence in this case. All the elements of such a tender were expressly found by the verdict of the jury except an offer by appellee to pay to appellant's agent the amount due, and a finding to that effect must be implied under the provisions of Article 2190, Revised Statutes. Poff v. Miller (Tex. Com. App.) 235 S. W. 570, 572, par. 1, and authorities there cited; Creager v. Beamer Syndicate (Tex. Civ. App.) 274 S. W. 323, 328, par. 4. The tender to appellant's agent of the amount of indebtedness owed by appellee to it discharged the lien on the car securing the same and revoked the right of seizure granted in the mortgage. Meyer & Kiser v. French (Tex. Com. App.) 288 S. W. 405, 406, par. 5; Poff v. Miller, supra; Florence v. Warren (Tex. Civ. App.) 293 S. W. 226, 227, par. 1; Bledsoe v. Palmer (Tex. Civ. App.) 81 S. W. 97, 98, par. 3; 5 R. C. L. pp. 457, 458, § 93; 11 C. J. p. 679, §§ 452, 453; 26 R. C. L. top page 645.

Appellee, in further reply to appellant's contention, claims that the testimony shows that the seizure of the car by appellant's agent, Cobb, was done in such an improper manner as to constitute a trespass and to deprive appellant of the right to justify the same by the authority given in the mortgage. There was evidence tending to show that appellant agreed to go at once with Cobb to Corpus Christi in said car; that his wife was to accompany them; that, while she was dressing for the trip, appellee went to the bank to cash a check for additional funds; that he took Cobb with him in the car; that, when appellee got out of the car to go into the bank, Cobb seized the opportunity afforded by his momentary absence to take possession of the car; that appellee understood that the proposal for him and his wife and Cobb to go to Corpus Christi together in the car was satisfactory to Cobb. The jury in response to special issues found, in substance: (a) That appellee did not deliver possession of the car to Cobb; (b) that Cobb obtained possession thereof "through fraud, stealth, trespass and threats and without the consent of appellee." These findings of fact by the jury are nowhere assailed as being without support in the evidence.

A trespass on personal property is an invasion of another's possession or immediate right of possession thereof. The gist of a trespass is the doing of an unlawful act, or the doing of a lawful act in an unlawful manner, to the injury of the person or property of another. Carter v. Haynes (Tex. Civ. App.) 269 S. W. 216, 220, pars. 7 and 8, and authorities there cited; Brooks v. Hornbeck

(Tex. Civ. App.) 274 S. W. 162, 163, 164, and authorities there cited. Our Supreme Court, in Singer Sewing Mach. Co. v. Rios, 96 Tex. 174, 178, 179, 71 S. W. 275 (60 L. R. A. 143, 97 Am. St. Rep. 901), held that a provision in a mortgage on personal property, authorizing the lien creditor to take possession of the same upon default of the debtor, was valid, and that the authority so given might be exercised by taking peaceable possession of such property without the consent or even over the protest of the mortgagor. The taking in that case was shown to have been accomplished in a peaceful and lawful manner and without circumstances of aggravation. Our Supreme Court, in Hance v. Burke, 73 Tex. 62, 66, 11 S. W. 135, held that the trial court correctly charged the jury that, if the landlord, who was entitled to the possession of his farm as against his tenant holding over, secured such possession by intimidation, he would be liable to the tenant for any injury to the personal property of such tenant situated thereon which might result from its detention. In Loftus v. Maxey, 73 Tex. 242, 246, 11 S. W. 272, the court held that the taking of mortgaged property was actionable when accompanied by threats and insults. See, also, Gillett v. Moody (Tex. Civ. App.) 54 S. W. 35; Lee v. McClain (Tex. Civ. App.) 219 S. W. 893, 895; Hawkins Furniture Co. v. Morris, 143 Ky. 738, 137 S. W. 527; Bordeaux v. Hartman Furniture & Carpet Co., 115 Mo. App. 556, 91 S. W. 1020; First Nat. Bank v. Teat, 4 Okl. 454, 46 P. 474.

■ Appellee introduced testimony tending to show that the car was in good condition when seized by Cobb. When appellee redeemed the car, he was required to pay, not only the $100 due, with interest thereon, but also the sum of $44.94 which appellant claimed was for repairs necessary to put the car in merchantable condition, as authorized by the terms of the mortgage in case it repossessed the same. The jury found that the value of the car when seized in Streetman and when redeemed by appellee in Corpus Christi was the same, and that the repairs so charged for were not made necessary by any act of appellee nor by anything that occurred while he was in possession of the car. These findings of the jury are not assailed as being without support in the evidence. The recovery awarded appellee covers merely the time consumed and expenses incurred by him in going to Corpus Christi to redeem the car, together with said repair bill, which the jury found was not made necessary by anything that occurred prior to the seizure of the car. Appellant's request for a peremptory charge was properly denied.

We have examined the remaining propositions presented by appellant, and find none that require a reversal of the judgment, and it is therefore affirmed.

STANFORD, J. (concurring). I fully concur in the disposition made of this case, and in all that is said in the opinion of Chief Justice GALLAGHER, except the holding to the effect that the tender made by appellee discharged the mortgage lien. The first discussion by our appellate courts of the question here involved was in Poff v. Miller, 235 S. W. 570, in which the Commission of Appeals said: "We are not prepared to say that the tender of payment in the instant case actually discharged the lien in the mortgage. We do not pass upon that point, as it is not necessary to a decision of this case. * * * But we are willing to say, with the Supreme Court of Vermont, that the tender in the instant case did, at least, suspend Miller's right to seize the property in question," etc.

In the case of Florence v. Warren et al., 293 S. W. 226, the Court of Civil Appeals at Texarkana said: "If the offer made by Warren to pay the debt was sufficient to constitute a legal tender, it operated to discharge the lien on the cotton. Poff v. Miller (Tex. Com. App.) 235 S. W. 570."

No other authority is cited. Evidently the honorable Court of Civil Appeals at Texarkana misconstrued the holding in Poff v. Miller. In one other case, Meyer & Kiser v. French, 288 S. W. 405, the Commission of Appeals said: "We think the tender of payment shown by this record had the effect to discharge the mortgage lien (11 C. J. p. 679, secs. 452 and 453)."

It is thought the last case cited is the only one that should be regarded as any authority, for the Poff v. Miller Case, supra, did not so hold, and the Florence v. Warren Case, supra, was based upon a misconstruction of the Poff Case. Our Supreme Court has never so held, and the decision of this question of law in Meyer & Kiser Case, supra, is not binding upon our Supreme Court, as the opinion in said cause was not approved by our Supreme Court but only the judgment recommended was adopted. McKenzie v. Withers, 109 Tex. 255, 206 S. W. 503; Stephens County et al. v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566. There are decisions in text-books, Cyc., Corpus Juris, etc., so holding, but these decisions, it is thought, were not under chattel mortgages such as we have in this state. Our chattel mortgage law is a creature of our statutes. Articles 5489 to 5499, inclusive. There being no provision in our statutes providing a tender shall discharge a chattel mortgage lien, it is thought our appellate courts have no authority by court decisions to make such law. Again, it is thought such rule of law would be unwise. A large per cent. of litigation arises between creditor and debtor over the amount due, and, where there is an honest difference on the part of both as to the amount due, the creditor should not be put to the election of accepting whatever

the debtor may see fit to tender, or take the risk of losing his security, which in many instances would mean the loss of the entire debt. I do not think this is or ought to be the law. If the debtor tenders the correct amount, the creditor, if he sues, is deprived of the right of seizure of the mortgaged property under attachment, sequestration, etc., and is also taxed with all costs. It is thought this is sufficient protection to the debtor and sufficient punishment for the creditor. The decision of the question here involved was not necessary to the affirmance of the judgment of the trial court.