## FELIX SHAW PROPERTIES CORPORA-TION et al. v. WHEELER et al.

### No. 9086.

Court of Civil Appeals of Texas.
San Antonio.
June 7, 1933.

Rehearing Denied July 1, 1933.

Cunningham, Moursund, Johnson, Rogers & Slatton and Lewright & Lewright, all of San Antonio, for plaintiffs in error.

Boyle, Wheeler, Gresham & Terrell and W. B. Jack Ball, all of San Antonio, for defendants in error.

SMITH, Justice.

This action was brought by H. V. Wheeler and another to recover the amount of principal and interest of certain notes and to foreclose a deed of trust lien upon certain real property in Webb county to secure payment of said notes.

The suit was brought by Wheeler and his associate, as owners and holders of the notes and lien, against John C. Griswold and wife, Florence T. Griswold, who executed those instruments, and the Felix Shaw Properties Corporation, which had assumed to pay said notes. For the purposes of this decision it may be said that the defendants pleaded only the general demurrer and general denial.

Upon a directed verdict the trial court rendered judgment in favor of the plaintiffs against the defendants in accordance with the former's prayer. The Griswolds and the properties corporation have brought the case up on writ of error. They will be designated as appellants, and their adversaries as appellees.

Appellants did not contend below, nor do they contend here, that appellees were not entitled under the pleadings and evidence to recover the amount they sued for, together with the decree of foreclosure. Appellants do not question the sufficiency of appellees' pleadings or evidence. They did not and do not now question the propriety of the directed verdict. They did not and do not now challenge the fact, made obvious by the record, that no other judgment than that entered could properly have been rendered in the case. Their sole contention is, simply, that the language of the verdict of the jury was not sufficiently specific, and was not broad enough, to support the judgment for the specific amount of the notes and for foreclosure of the deed of trust lien. The verdict, signed by the foreman and couched substantially in the language of the court's instruction, was as follows: "We, the jury, in response to the instructions from the Court, return our verdict in favor of the plaintiffs, H. V. Wheeler and R. J. McMillan, Receiver for the J. E. Jarratt Company, for their debt, principal and interest, and for foreclosure of their lien upon the lands described in the plaintiffs' original petition and in the deed of trust introduced in evidence in this cause."

As stated, appellants did not claim in the court below, nor do they contend here, that the pleadings and evidence, or either, were not sufficient to support the verdict and judgment. They seem to concede, as certainly it is conclusively shown by the record, that under the pleadings and evidence, appellees were entitled to recover the amount awarded them by the judgment as well as the decree of foreclosure. We conclude that in such case, the form of the verdict is wholly immaterial. So far as that may be concerned, the trial judge could have discharged the jury and rendered the judgment appealed from, upon his own motion, or notwithstanding any verdict the jury might have returned, since no other judgment than that entered could have been sustained. Besides, the verdict was sufficient in both form and substance, under the record stated. Meyer & Kiser v. French (Tex. Com. App.) 288 S. W. 405.

Appellants also complain that the trial judge expressly found certain facts in support of his judgment. That action, whether erroneous or not, cannot affect the merits of the appeal.

The judgment is affirmed.