SCOTT v. SCOTT.

No. 4900.

Court of Civil Appeals of Texas. Amarillo.

May 9, 1938.

Cecil H. Tate, of Muleshoe, and Mc-Whorter & Howard, of Lubbock, for plaintiff in error.

J. D. Thomas, of Farwell, for defendant in error.

FOLLEY, Justice.

Josephine Scott, plaintiff below, filed this suit individually and as independent executrix of the estate of A. J. Scott, her deceased husband, against W. P. Scott, defendant in the trial court. The petition upon which the cause proceeded to trial was filed December 14, 1936. This petition contained two counts. The first count was in the nature of trespass to try title, involving the southwest quarter of Section 23, in Block Y, of Bailey County, Texas. The second count was an alternative plea asserting that on January 4, 1928, before the death of A. J. Scott, the plaintiff and A. J. Scott transferred the property involved to the defendant for a cash consideration of $679.00 and four promissory notes executed by the defendant, the first in the sum of $121.00, and the other three in the sum of $100.00 each, said notes being due May 14, 1928, 1929, 1930 and 1931, respectively. Plaintiff further alleged that in the deed of conveyance the defendant assumed the payment of a loan in the original sum of $1,700.00 in favor of the Federal Land Bank of Houston, such loan alleged to be payable in semi-annual amortization installments of $55.25 each over a period of 34½ years. This loan was alleged to have been of the date of October 12, 1923. The plaintiff further pleaded that after the land in question was transferred to the defendant, the defendant failed and refused to pay the installments due the land bank, and that she and her husband paid eighteen of such installments in the total sum of $930.78. The plaintiff asserted a vendor's lien was retained in her favor to secure the payment of the notes given by the defendant and also the amortization installments paid by the plaintiff and her husband. She asked for judgment for her debt in the sum of $1,650.00 and for foreclosure of her lien upon the above described land.

The defendant answered by general demurrer, plea of not guilty, and specially pleaded the four year statute of limitations, Vernon's Ann.Civ.St. art. 5527, on the notes he had executed and the two and four year statute of limitations, Vernon's Ann.Civ. St. arts. 5526, 5527, on all of the amortization installments except those for the years 1935 and 1936. The defendant further pleaded that A. J. Scott, during his life time, had the use and possession of the land in question for all the years complained of in plaintiff's petition, and that the value of such possession was far in excess of the amount of money paid by the plaintiff and A. J. Scott to the land bank, and he asked that he be allowed to off-set any amount due the plaintiff by the amount of the rental value of the land for the years involved. The defendant further asserted a debt of $1,400.00 was due him from A. J. Scott, which he sought to establish as an off-set to any claims of the plaintiff.

By supplemental petition the plaintiff pleaded the four year statute of limitations as a bar to defendant's asserted debt of $1,400.00. The plaintiff further alleged that the property involved was on January 4, 1928, and prior thereto, the homestead of herself and A. J. Scott, and that the deed of conveyance to the defendant was invalid because it constituted an attempted mortgage upon her homestead. She pleaded that she was in no way liable for the use of the premises because of an agreement between her husband and the defendant that her husband should have the use of the premises for the payment of taxes upon the property.

The court submitted the case to the jury upon the following issues:

"Special Issue Number One: Do you find from a preponderance of the evidence that the land in controversy and which is described in the Plaintiff's petition was, on January 4, 1928, the homestead of the plaintiff, Josephine Scott and A. J. Scott?

"Special Issue Number Two: Do you find from a preponderance of the evidence that the deed dated January 4, 1928, which was executed by A. J. Scott and Josephine

Scott, conveying the land in controversy to W. P. Scott and which has been introduced in evidence, was intended by all the parties as a mortgage?

"If you have answered the last preceding issue 'Yes' then answer the following:

"Special Issue Number Three: What, if anything, do you find from a preponderance of the evidence that A. J. Scott, at the time of his death, was justly indebted to the defendant W. P. Scott? (Answer in dollars and cents as you so find.)

"Special Issue Number Four: What do you find from a preponderance of the evidence was the reasonable cash rental value of the land in controversy for the years 1928 and subsequent years during and including 1936? (Answer in dollars and cents as you may find.)"

The jury answered the first two issues in the negative and failed to answer the third and fourth issues. The court rendered judgment for the plaintiff in the sum of $477.41 upon the second count of plaintiff's petition. This amount represented the sum of the installments paid by the plaintiff and her husband from December 1, 1932 to August 1, 1936, inclusive. The court found in such judgment that the four promissory notes executed by the defendant were barred by the statute of limitations. He further found that all installments paid to the land bank by the plaintiff and her husband preceding the date of December 1, 1932, were also barred by the statute of limitations. The court also found that the plaintiff was entitled to a foreclosure of her vendor's lien and ordered a foreclosure of such lien upon the property to satisfy the indebtedness of $477.41. From such judgment the defendant has appealed by writ of error to this court, but has failed to furnish us with a statement of facts.

The defendant assigns as fundamental error the rendition of the judgment herein by the trial court, asserting that the verdict of the jury was an incomplete verdict and insufficient to support the judgment rendered. The defendant further assigns as fundamental error the failure of the trial court to off-set the judgment rendered by defendant's counter claim for the rental value of the land, which he asserts the plaintiff admitted in her pleadings was 50¢ per acre per year.

■ Without a statement of facts we may look only to the pleadings and the findings either of the court or jury, to support the judgment rendered. The plaintiff not only pleaded the recovery allowed by the court, but asserted other claims in addition thereto. The chief complaint in regard to the verdict of the jury is predicated on the fact that the jury failed to answer issues three and four. It appears that these issues were submitted only upon condition that issue number two was answered in the affirmative. The defendant raised no objection in the trial court to the conditional submission of these two issues. After answering issue number two in the negative, under the court's instructions, the jury was not obliged to answer issues three and four. In this respect the verdict was responsive to the court's instructions and the defendant raises no complaint about such instructions. The judgment rendered was not contrary to, but in conformity with, the jury's answers to issues one and two. No other issues were requested by the defendant. Furthermore, in the absence of a statement of facts, we cannot determine the importance of issues three and four and we cannot determine what bearing answers to such issues favorable to the defendant would have had upon the judgment rendered. In this connection it is possible that the testimony may not have raised such issues.

■ The defendant insists that the plaintiff admitted in her pleadings that the rental value of the land was 50¢ per acre per year, and for that reason the judgment is erroneous because of the court's refusal to off-set the recovery of plaintiff by the amount admitted by the plaintiff. While the plaintiff did plead that the rental value of the land was "not more than 50¢ per acre per year", she does not admit it was worth that amount. Moreover, the testimony might have shown it had no rental value at all. Furthermore, the plaintiff specifically denied that she was in any way liable to the defendant for the use of the land because of an agreement she asserted between her husband and the defendant whereby her husband was to have the use of the premises for the payment of taxes. It is presumed that the court rendered the proper judgment upon the facts before him and as found by the jury, and, in the state of the record before us, it is presumed that issues numbers three and four became immaterial after the negative answer to the second issue. All such presumptions must be resolved in favor of the validity of the judgment in the absence

of a statement of facts. These assignments are overruled. Silvers et al. v. Welch, 127 Tex. 58, 91 S.W.2d 686; Parrish v. Parrish et al., Tex.Civ.App., 280 S.W. 901, and authorities therein cited; Foster v. Balderez, Tex.Civ.App., 32 S.W.2d 875; Florence v. Warren et al., Tex.Civ.App., 293 S.W. 226; Garrett v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 172 S.W. 187; Norwood et al. v. McMillan, Tex.Civ.App., 278 S.W. 331; Treadwell v. Borchers et al., Tex.Civ.App., 289 S.W. 75; American Law Book Co. v. Dykes et al., Tex.Civ. App., 4 S.W.2d 630; Sigmund Eisner Co. v. Sol Frank Co., Tex.Civ.App., 70 S.W.2d 465.

 The plaintiff has filed a cross-assignment of error alleging that in the absence of a statement of facts, the record reflects that she was a mortgagee lawfully in possession of the premises in controversy and, as such, was entitled to retain possession until the debt in question, even though barred by limitations, was paid, and that the court erred in sustaining defendant's plea of limitations as to the four vendor's lien notes as well as the installments alleged to have been paid to the land bank prior to December 1, 1932. We cannot agree that the record, as presented, shows possession of the premises in the plaintiff. She especially pleaded that she was in possession of the land on September 1, 1936, but on such date the defendant "entered upon said premises and ejected the plaintiff therefrom and unlawfully withholds from her the possession thereof to her damage in the sum of $3,-200.00." To such allegations the defendant pleaded not guilty, and further pleaded that he had "held peaceable, continuous and adverse possession, under title from the State of Texas of the lands and tenements claimed in plaintiff's petition, for more than three years after plaintiff's cause of action accrued, and before the commencement of this suit." Such being the state of the record, we cannot determine the merits of plaintiff's contention in this respect in the absence of a statement of facts. We therefore overrule this cross-assignment.

The plaintiff further cross-assigns as error the court's sustaining defendant's plea of limitations on the installments paid the land bank prior to December 1, 1932, alleging that some of such installments were not due at the time of the filing of the suit and that limitations could not begin to run until the maturity date of the last installment. In the absence of a statement of facts, the record not only fails to show what payments were made by the plaintiff or her husband to the land bank, but it further fails to show that defendant ever assumed such indebtedness. Since this cross-assignment involves evidentiary matters, in the light of the above authorities, it must be overruled.

The judgment of the trial court is affirmed.