## C. I. T. CORPORATION v. MITCHELL.

### No. 3485.

Court of Civil Appeals of Texas. Beaumont.

May 25, 1939.

Morris & Bennett, of Beaumont, for appellant.

Baker & DeLee, of Pt. Arthur, for appellee.

WALKER, Chief Justice.

On the 30th day of May, 1938, appellant, C. I. T. Corporation, filed this suit in the County Court of Jefferson County at Law against appellee, William L. Mitchell, praying for judgment for the principal sum of $285 and interest and attorney's fees due on a promissory note, dated the 12th day of October, 1936, executed by appellee in payment of an automobile, and for foreclosure of the chattel mortgage lien given by appellee on the automobile to secure the payment of the note; it was alleged that the automobile was of the market value of $285. The automobile was seized under writ of sequestration, but released to appellee on the 7th day of June, 1938, on his replevy bond. By his answer, appellant admitted the execution of the note and mortgage, but plead a release of the mortgage lien and of the sureties on their replevy bond by virtue of two tenders made by him before the suit was filed, and a tender made by him to appellee's counsel on the 6th day of June, 1938, after the suit was filed. He did not renew his tender, in fact nor his pleading, and after the pleadings had been read to the jury, on demand of appellant in the presence of the jury, he refused to renew his tender. The two tenders made before the suit was filed pass out of the case because, under the undisputed evidence, appellee did not tender the full amount due on the note and the jury did not find that he tendered the full amount due on the note.

Question No. 1 was as follows, answered by the jury in the affirmative: "Do you find from a preponderance of the evidence that the defendant offered to pay the attorney of the C. I. T. Corporation the full amount of the principal of the note involved herein with interest, attorney's fees and costs of court? Answer 'yes' or 'no' as you find the fact to be."

On the verdict, after overruling appellant's motion for a judgment non obstante veredicto, the court entered judgment in appellant's favor against appellee for the amount sued for, but it was denied a foreclosure of its mortgage lien and judgment against the sureties on the replevy bond.

The appeal presents this question: Did the mere tender by appellee, on the facts of this case, on the 6th day of June, 1938, after suit had been filed on the 30th day of May and after the automobile had been seized under writ of sequestration, of the full amount due on the note, principal, interest and attorney's fees, together with court costs, in law release the automobile from the mortgage lien and the sureties from their liability on the replevy bond?

These two additional facts must enter into the question: (a) There was a good faith controversy between appellant and appellee on the issue of interest. (b) Judgment was entered on the 24th day of September, 1938; the tender was made on the 6th day of June, 1938; after the tender was made appellee became insolvent and continued in that condition up to the time judgment was entered herein; on his testimony he was insolvent at the very time the case was being tried.

On the issue presented by this appeal, speaking for the Austin Court of Civil Appeals in Karnes v. Barton, 272 S.W. 317, 318, Judge Blair said: "The authorities conflict irreconcilably as to the effect of a refusal of proper tender of a debt as discharging the lien securing it. No good purpose can here be served by entering a general discussion of these conflicts. An annotation of them will be found in 12 A.L.R. 950. We have found no Texas case holding that a mere wrongful refusal to accept a tender of debt does as a matter of law cancel the lien securing it. Though we find no case directly in point, the general conclusion of our courts, and of the great weight of authority, seems to be that a refusal to accept tender of a debt secured by a vendor's lien upon land does not as a matter of law cancel and discharge the lien, where no damages or injury result as a consequence of the refusal to accept tender. Tender under such circumstances merely stops interest and costs from the date of tender. Many reasons have been given for this rule. One reason is that to hold tender so cancels the lien would be nothing less than a forfeiture, and our courts do not favor forfeitures. Another reason is that since a refusal of tender does not discharge the debt, it should not discharge the lien securing it, for the lien is only an incident of the debt. Still another reason is that a cancellation of the security for the debt would in many instances destroy the debt. Brock v. Jones' [Ex'r], 16 Tex. [461], 468; Tooke v. Bonds, 29 Tex. [419], 420; * * Poff v. Miller (Tex.Com.App.) 235 S.W. 570; Simkins on Equity, p. 476."

Judge Blair announced the two following additional propositions, which we think have full support in our Texas decisions:

(a) "It may be said that as a general rule equity will cancel a lien for wrongful refusal to accept a proper tender of the debt secured, where the refusal is without reasonable cause and results in injury to the tenderer. Equity will not, however, in every instance cancel a lien because the lienholder wrongfully refuses to accept a proper tender of the debt secured, but will inquire into the facts and circumstances of each case and where justice demands it, the enforcement of the lien will be enjoined until the lienholder signifies a willingness to do equity as the situation requires and receives the tender. These rules are salutary and are enforced to save a lien, as well as the debt secured, from forfeiture."

(b) "Another equitable rule is that a refusal to accept a proper tender of an indebtedness secured by a vendor's lien should suspend the lienholder's right to thereafter foreclose the lien, unless he signifies a willingness to receive the tender, and the lien debtor then refuses to pay or keep the tender good. Poff v. Miller (Tex.Com.App.) 235 S.W. 570, quoting with approval the above rule from McDaniels v. Reed, 17 Vt. 674."

In the case at bar, appellee refused to renew his tender. The refusal by appellant to accept appellee's tender in no wise injured him; the suit had been filed and his automobile had been seized by the writ of sequestration. The relief granted him by the trial court vested him with title to the automobile free of the purchase money lien, on facts showing that he was insolvent and unable to pay the judgment against him. As said by Judge Blair in the Karnes case, quoting again: "Equity will not, however, in every instance cancel a lien because the lienholder wrongfully refuses to accept a proper tender of the debt secured, but will inquire into the facts and circumstances of each case."

In Poff v. Miller, supra, cited by Judge Blair in the Karnes case, Judge Powell, writing the opinion for the Commission of Appeals, said [235 S.W. 575]: "But we are willing to say, with the Supreme Court of Vermont, that the tender in the instant case did, at least, suspend Miller's right to seize the property in question, and that said right could only be revived by a refusal on the part of Mrs. Poff and her attorney to pay the money so tendered, had Miller finally signified a willingness to accept it. * * *

"Of course, the very essence of the rules herein discussed is that the mortgagor must tender the full amount legally due on the note. * * * Where there is a bona fide controversy between the maker

and payee in a note secured by a mortgage, it might be said that the payee should be entitled to litigate the controversy and still retain his lien on the property, even though in the ensuing litigation the court should decide that the amount tendered by the maker of the note was all that was legally due thereunder. In other words, that a mere tender of payment should not, under such circumstances, of itself, actually discharge a lien, but that actual payment alone, after the termination of the litigation, is necessary to effect such a result."

In the case at bar there was a bona fide controversy on the issue of interest; the note was dated the 12th day of October, 1936, and appellee testified that, when he executed the note, he paid the interest in advance for two years.

It is our conclusion that the court erred in refusing to foreclose appellant's mortgage lien and in releasing the sureties from their liability on the replevy bond.

Appellee cites Poff v. Miller, supra; that case is clearly distinguishable on its facts from the case at bar. He also cites Texas Auto Co. v. Clark, Tex.Civ.App., 12 S.W. 2d 655, 657; writing the opinion Mr. Chief Justice Gallagher said: "The tender to appellant's agent of the amount of indebtedness owed by appellee to it discharged the lien on the car securing the same and revoked the right of seizure granted in the mortgage. Meyer & Kiser v. French (Tex.Com.App.) 288 S.W. 405, 406, par. 5; Poff v. Miller, supra; Florence v. Warren (Tex.Civ.App.) 293 S.W. 226, 227, par. 1; Bledsoe v. Palmer (Tex.Civ.App.) 81 S.W. 97, 98, par. 3; 5 R.C.L. pp. 457, 458, § 93; 11 C.J. p. 679, §§ 452, 453; 26 R.C.L. top page 645."

That case falls within the rule announced by Judge Blair in the Karnes case, supra, that equity will inquire into the facts and circumstances of each case, and that the lien will not be released on tender where the result would be inequitable. On the facts before Judge Gallagher, the mortgagor suffered a great injury by the refusal of the appellant to accept his tender of the full amount due. He was put to great trouble and expense, and after the tender was refused appellant seized the automobile. In the case at bar the suit was instituted and the automobile seized before the tender was made, and under circumstances that worked no injury to appellee.

It follows that the judgment of the lower court, denying the foreclosure of the mortgage lien and judgment releasing the sureties on their replevy bond, should be reversed, and judgment here entered in appellant's favor granting it that relief.