POWELL, INC., Plaintiff-Appellant,

v.

James ABNEY and Virginia G. Abney and Fairmont Metals Co., Inc., Defendants-Appellees.

No. 81–2326
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 5, 1982.

Zaffirini & Volpe, C. M. Zaffirini, Laredo, Tex., for plaintiff-appellant.

McKenzie & Baer, Craig M. Fowler, Dallas, Tex., for defendants-appellees.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Powell, Inc., appeals from the district court's order discharging a $27,000 equitable or constructive trust lien originally imposed in favor of Powell by the district court on James Abney's homestead at 419 Surrey Road, Laredo, Texas. We reverse and remand.

The facts are uncontested. Doing business through Fairmont Metals Company, Abney purchased scrap metal known as tantalum from Raul Barreda at a price approximately ten percent of the true market value and then sold the tantalum to Powell. Abney purchased the tantalum with full knowledge that Barreda, a warehouse employee of Union Carbide Corporation, acquired the tantalum by stealing it from Union Carbide's warehouse. Abney subsequently was indicted and found guilty of transporting the stolen tantalum from Laredo, Texas, to Rockford, Illinois, the principal office of Powell. Upon discovery of the scheme, Powell sued Abney, claiming a breach of an implied warranty of good title and seeking damages caused by the breach. The district court rendered judgment in favor of Powell for $115,965.04, and as it was able to trace only $27,000 of that amount into specific property—the Abney homestead—the district court imposed an equitable lien on the Abney homestead to the extent of $27,000. Neither party challenges the judgment.

Shortly after the entry of judgment, Abney moved to discharge the equitable lien upon his payment of $27,000. Responding to the motion, the district court instructed Abney that to obtain a discharge of the equitable lien, he must tender $27,000 plus interest to Powell and upon Powell's refusal, pay the sum into the court. After Powell refused the tender, Abney paid the sum into the court and the district judge ordered the equitable lien discharged. Powell time-ly appeals from the order discharging the lien. Due to the diversity nature of this case, we apply the substantive law of Texas.

Powell first argues that it is the true owner of the property to the extent of the equitable lien and as a result it cannot be forced to release the lien. Powell misunderstands the nature of an equitable lien. "[A]n equitable lien is not an estate in the thing to which it attaches, but merely an encumbrance against the property to satisfy a debt." *Day v. Day*, 610 S.W.2d 195, 199 (Tex.Civ.App.—Tyler 1980, writ ref'd n. r. e.) (citing *Inesco, Inc. v. Sears*, 567 S.W.2d 827, 829 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.)). Powell does not have an estate in the property on Surrey Road.

Powell further argues the equities of the case. It contends that it would be an injustice to discharge the equitable lien and in effect allow Abney the right to designate whether his payment should be applied first to discharge the equitable lien or to the balance of the judgment. Powell raises the question of whether, under Texas law, an equitable lien imposed to secure part of a judgment can be discharged by the payment into the court of an amount equal to the equitable lien. We hold that it cannot.

Our research reveals no decision on the issue by the Texas Supreme Court. Under *Erie*, when the highest court of the state has not decided the particular issue, the federal court must decide how the state court would hold once faced with the issue. *E.g., Arceneaux v. Texaco, Inc.*, 623 F.2d 924, 926 (5th Cir. 1980), *cert. denied*, 450 U.S. 928, 101 S.Ct. 1385, 67 L.Ed.2d 359 (1981); *Nobs Chemical, U.S.A., Inc. v. Koppers*, 616 F.2d 212, 214 (5th Cir. 1980).

In seeking an order discharging the equitable lien by payment into the court, Abney sought equitable relief. *See C.I.T. Corp. v. Mitchell*, 129 S.W.2d 339 (Tex.Civ.App.—Beaumont 1939, no writ) (general rules of equity applied to a pleading that lien was released where tender of debt made after suit filed was refused); *Karnes v. Barton*, 272 S.W. 317 (Tex.Civ.

App.—Austin 1925, no writ) (general rules of equity applied in action to discharge a lien where tender was refused). Texas recognizes the equitable maxim that one who enters the court seeking equity must come with clean hands. *See City of Wink v. Griffin Amusement Co.*, 100 S.W.2d 695, 702 (Tex.1937). In order to invoke the maxim of unclean hands, the party relying on the maxim must show that he was injured by the wrongful conduct of the other party and that the wrong was done to himself, not a third party. *Omohundro v. Matthews*, 161 Tex. 367, 341 S.W.2d 401, 410 (1961). Texas also recognizes the maxim that he who seeks equity must do equity. *See Texas Co. v. State*, 154 Tex. 494, 281 S.W.2d 83, 91 (1955).

Both of the equitable maxims apply in the instant case and support our conclusion. Clearly the clean hands maxim applies: the judgment and the imposition of the equitable lien reflect that Abney's wrongful conduct injured Powell. The misconduct relates to the subject matter of this appeal as it forms the basis for the district court's imposition of the equitable lien. The discharge of the lien rewards Abney for the disposal—in a manner successfully frustrating tracing—of the monies he acquired from Powell by allowing Abney to avoid paying $27,000 on the judgment debt *without* discharge of the lien. This desire to avoid rewarding wrongful conduct forms the basis of the clean hands doctrine. Lastly, we note that the record does not reveal a willingness on the part of Abney to do equity. In the instant case, equity dictates that Abney offer to apply the amount tendered to the court toward satisfaction of that part of the judgment not secured by the equitable lien. Thus, the election should lie in the hands of the judgment creditor Powell, not the judgment debtor Abney.

He who comes into the court seeking equity, must do so with clean hands and in turn must be prepared to do equity. Abney has done neither. We hold that, in the instant case, an equitable lien securing part of a judgment is not discharged by payment made by the judgment debtor into the court of an amount equal to the equitable lien. *See C.I.T. Corp. v. Mitchell*, 129 S.W.2d at 341 ("equity will inquire into the facts and circumstances of each case, and . . . the lien will not be released on tender [of debt] where the result would be inequitable"). The district court erred in ordering the discharge of the equitable lien.

We find it necessary to remand to the district court for a determination of the source of the money tendered by Abney to the court. While the rule we articulate applies to monies tendered by Abney in discharge of the equitable lien, this may not be the case if Abney or others can prove that the $27,000 came from someone other than Abney. The rule we articulate only prohibits a tender by the judgment debtor Abney to the court in discharge of the equitable lien.

REVERSED and REMANDED.